## Russell v. Russell.

In a proceeding for divorce and alimony, the court set apart and decreed to the wife in fee a portion of the husband's land : held that this was not necessary for her maintenance, and should not have been done ; that a lien might have been ordered upon the land to secure the payment of alimony for her support during life.

Alimony is an allowance for the support of a woman legally separated from her husband, and not for a distribution of his estate by force of law.

The amount of alimony should be regulated by the condition of the parties, and the amount of available means owned by the husband.

In Equity. *Appeal from Dubuque District Court.*

*Opinion by* Williams, C. J. Application by petition for a divorce from the bonds of matrimony, and for maintenance, filed by Polly Russell against Isaac Russell, and heard at the October term, 1853, of the district court for Dubuque county. The petition is in the usual form. After setting forth the marriage and cohabitation as husband and wife for about thirty years, and that their children had all attained to mature age, excepting one, then about eighteen years old, the petitioner assigns, as the reasons why she should be divorced and be allowed maintenance, that she has always, since their marriage, conducted herself with propriety, and with affection and good faith as the wife of the defendant ; that although at the time of their marriage the defendant was temperate, he had for many years been so addicted to the use of intoxicating liquor, that he had become an habitual drunkard ; that he had become abusive and violent in his treatment of her, insomuch, that her happiness was destroyed, and life endangered by living with him, as his wife. She also avers that by her care and industry she had aided in the maintenance of the family, and the acquirement of the property which is possessed and owned by the said Isaac, her husband. The petition sets forth, in considerable detail, the fact of intemperance

and abuse, of which she complains, and concludes with a prayer for a divorce from the bonds of matrimony and a suitable maintenance out of his estate, of which a description is set forth in the petition.

The respondent appeared, and filed his answer, denying the allegations of intemperance and abuse, on his part. He then proceeds, after averring the due performance of all the marital duties on his part, to charge upon her violence of temper and habitual abuse of him, so that if ever he had in any way abused her, it was to defend himself when assailed by her.

The petition, answer and evidence in the case, all taken together, present a long life scene of family discord and strife, commencing in Ohio, at the earliest period of the recollection of their oldest child, who is a witness in the case, of mature age, and carried on " *crescendo* " until the parties end in Iowa by being docketed in court. The witnesses, who testify in the case, with one or two exceptions, are the children of the parties. The evidence fully sustains both the petition and the answer.

The court below decreed the divorce, as prayed for, from the bonds of matrimony, on the ground " that the parties could not live together in peace and happiness, and that their welfare required a separation. The court, then, being advised of the extent and value of the property of the parties, and the said Isaac Russell desiring that the said Polly be allowed a definite part of said property permanently in preference to a periodical claim on him, decreed that the said Polly Russell have the following land in *fee simple*, to wit : Twenty-two acres off the north part of so much of the east half of the south-west quarter, of section thirty-one, township eighty-eight, range three, east of the fifth principal meridian, as lies east of the traveled road between Dubuque and Andrew, and to be set off so as to include the dwelling house and the spring on said tract ; but that the said Isaac have the privilege of access to the water, and the privilege of using the same ; and also the privilege

of using the pasture jointly, with her, by putting two horses, two colts, two cows and two calves in the same ; also the north-east quarter of the south-east quarter of section twenty-five, in township eighty-seven, north of range two, east of the fifth principal meridian ; that this decree stand in lieu of a deed of the same from the said Isaac to the said Polly ; and further, that the debts of the said Isaac, which were owing by him on the first day of the present term, and the costs of this suit be paid out of the personal property of said Isaac, and the remainder of same be equally divided between plaintiff and defendant ; and it was further ordered that Jonathan Higgins be, and he is appointed a commissioner to set off the land," &c.

From this decree of maintenance the respondent, Isaac Russell, has appealed to this court. Three objections are urged to the decree of the district court.

1. The alimony allowed to the complainant by the district court, is unreasonable, in consideration of the estate possessed by the appellant.

2. The district court allowed and decreed, to the complainant an estate in fee simple, in the lands of defendant, which were decreed to her ; whereas a life estate only should have been allowed to her, as maintenance.

3. The decree is against law and equity.

There being no question raised here, as to that part of the decree which dissolves the marriage contract of the parties, we will leave that as fixed by the district court, and proceed to the consideration of the decree of alimony.

The prayer of the petition is for a divorce from the bonds of matrimony, and also for alimony. Having decreed the divorce as sought, the court also set off to the petitioner a part of the respondent's real estate in fee simple. This we think should not be done. It was not necessary to her maintenance, that the title to the estate of the respondent or any part of it should be transfered from him to her. The courts, in such cases may encum-

Russell v. Russell.

ber the real estate of the husband by creating a lien on it for the maintenance of the wife when divorced to secure it against his default by refusing, or neglecting to pay the alimony decreed, but the rights of realty are held in too much regard to be disturbed by a procedure so summary. The estate as to inheritance, would thereby be diverted from its legitimate direction. The only duty which the court had to perform, was that of decreeing alimony for the support of the petitioner, during her life, out of the estate of her husband, this to be done with due consideration of the available means of which he was possessed, and of her condition in life. *Lawrence* v. *Lawrence*, 3 Paige, C. R., 267.

Alimony is an allowance for maintenance of the wife. It is not to be understood as involving a distribution of the estate by force of law. 4 Bouvier, 279-80.

It is a reasonable charge for maintenance of the wife, which the law will enforce against the husband, when he refuses to support her, or when she is separated from him by his default. It will be enforced against the husband so long as he refuses to support her, or the separation continues; but will cease upon reconciliation and re-union. If the law should be so enforced as upon a prayer for alimony to distribute in fee simple the real estate of the husband between him and the wife, it might tend to promote litigation of this kind, and render the proceedings under the Code for divorce not only an easy mode of shaking off the bonds of matrimony, but an ingenious and fashionable way of acquiring title to real estate and changing the inheritance thereof. We think that in every view of the case it was going too far for the court to divest the husband of the fee simple title to any portion of his land, and transfer it to the wife, for the purpose of giving her alimony. It is only a support of the wife for life. *Wallingford* v. *Wallingford*, 6 Harris and Johnson, 485-488; *Equity Digest* title alimony: *Jeans* v. *Jeans*, 2 Harring, 142: *Clark* v. *Clark*, Watts and Serg. 85.

We find no authority in a case of this kind, for transferring the real estate of the husband, in fee simple, to the wife, independent of the consent of the husband, by the act of a court. The most that will be done judicially, is to give the wife a lien on the real estate of the husband for the amount of alimony decreed. This principle is held in *Frakes* v. *Brown*, 2 Blackf. 295: *Questel* v. *Questel*, Wright, 492.

In reviewing this case upon the question of alimony, we have endeavored by proper means to ascertain the condition of the parties, the amount and value of the property possessed by the respondent, which may be available in adjusting the question before us, so as to afford the parties a support, and at least some comfort in separation, of which there was no hope while living together with their habits. The decree of the district court is set aside, and the following will be entered as the decree of this court in the case, viz :

That the bonds existing between said Isaac Russell and Polly Russell be dissolved, and this court having considered the matter of the maintenance of the said Polly Russell, and the court being advised of the extent of the property of the parties, and the said Isaac Russell desiring that the said Polly Russell be allowed a definite part of said property in preference to a periodical claim on the said Isaac Russell ; it is therefore considered, ordered, and decreed by this court, that the said Polly Russell continue to hold in her own right the north-east quarter of the north-east quarter of section one, in township eighty-seven, north of range two east, being the said land entered in her own name. And it is further ordered and decreed by the court, that the said Polly Russell have the following described land during her natural life, to wit : twenty-two acres off of the north part of so much of the east half of the south-west quarter of section 31, township 88, north of range three east of the fifth principal meridian, as lies east of the traveled road between Dubuque and Andrew, and to be set off so as to include the dwelling

Russell *v.* Russell.

house and the spring on said tract ; but that the said Isaac Russell shall have the privilege of access to the water and using the same, and the privilege of using the pasture jointly with her by putting two horses and two colts, two cows and two calves in the same ; and that the said Polly Russell have the following described land during her natural life, to wit : the north-east quarter of the south-east quarter of section twenty-five, in township 87, north of range three east of the 5th principal meridian ; and that this decree stand in lieu of a deed of the same from the said Issac to the sa. d Polly.   And it is further decreed and ordered by the court, that said Polly Russell have one half of the household and kitchen furniture.   And it is further ordered and decreed by the court, that the debts of said Isaac Russell which were owing by him on the first day of the October term of the district court of Dubuque county in the year 1853, and the costs of this suit, together with the sum of thirty-five dollars which is hereby allowed Lincoln Clark, Esq., as his fee for his services in attending to this suit for the said Polly Russell, be paid out of the personal property (except the household and kitchen furniture) of the said Isaac Russell, and the remainder of the same be divided equally between the said Isaac Russell and the said Polly Russell.

And it is further ordered that Jonathan Higgins be and he is hereby appointed a commissioner to set off said 22 acres, and to put said Polly in possession of the same, and to ascertain such debts and costs ; and when the said debts and costs are ascertained, to sell enough of the personal property (household and kitchen furniture excepted) to pay the same as they become due, and then to divide the remainder equally between the said Isaac and the said Polly, giving to the respective parties such property as he may deem most suitable for them.   And it is further ordered that the said Jonathan Higgins make report of his doings thereon and file the same in the office of the clerk of this court.

Decision reversed.

*P. Smith* and *B. M. Samuels,* for appellant.

*L. Clark,* for appellee.