## LIBANA de NOBREGA *v.* SYLVANO de NOBREGA.

### EXCEPTIONS FROM FIRST CIRCUIT COURT.

SUBMITTED OCTOBER 9, 1901.     DECIDED NOVEMBER 22, 1901.

GALBRAITH AND PERRY, JJ., AND GILBERT F. LITTLE, CIRCUIT JUDGE, IN PLACE OF FREAR, C.J., ABSENT.

Under Section 1943, Civil Laws, authorizing the Circuit Court upon granting a divorce for the adultery of the husband, etc., to "make such further order or decree against the defendant, compelling him * * * to provide such suitable allowance for the wife, for her support as the court shall deem just and reasonable," * * * the court may make such allowance in gross.

The court has no power under this statute to order a division of the husband's real estate and to vest title to a part thereof in the wife.

A wife who owns in her own right real estate of the value of $3,500. or
$4,000. is not in "destitute circumstances" as provided in Section
1938, Civil Laws, and an allowance to her of temporary alimony
cannot be sustained.

OPINION OF THE COURT BY GALBRAITH, J.

The libellant filed suit in the court below for divorce on the
ground of adultery of the libellee and asked for a divorce *a
vinculo* and for suit money, also that the court order an "equit-
able division of the property, standing in the name of the libel-
lee," between them.

The right of the libellant to a divorce was not contested and
she was decreed an absolute divorce on the ground alleged in the
libel. The court further decreed "that she shall have one equal
half interest and be the sole owner of one-half of all the real
property and the improvements thereon now owned by the said
libellee in the Territory of Hawaii, or in which he may be in-
terested, and the said one-half interest in the said real property
of the libellee, the said Sylvano de Nobrega, is hereby vested in
the libellant," and further that the libellee forthwith execute
a good and sufficient deed conveying one-half interest in said
property to the libellant and sets out a description of the prop-
erty by metes and bounds. The libellee is also ordered to pay
the costs and the sum of $300 to the libellant for her attorney's
fee and to pay her $15 per week as temporary alimony until
the execution of the deed for the property, or the further order
of the court.

The libellee excepted to the decision of the court as being
contrary to law and the evidence, and the weight of the evi-
dence, also to that part of the decree directing the payment
of temporary alimony and to that ordering a division of the
real property. Other exceptions were taken at the hearing but
were abandoned at the oral argument.

The Circuit Court in its decision, among others, found the following facts:

"That the defendant has lived in open and notorious adultery as alleged in the complaint, and that he is now living in open and notorious adultery with one Mary Kaaihaole. It further appears from the evidence that the defendant has children by the said Mary Kaaihaole. In fact, the evidence in this case disclosed the most horrible, inhuman and disgusting conduct on the part of the defendant, for it appears from the evidence that plaintiff lived with the defendant for some twenty-two years; that during said time she deported herself as a wife should to her husband; that she went out to work and worked for wages, giving the money she received from such work to her husband, and which he invested in property, being the property now held by him; that two years ago, the plaintiff at that time, having become aged, and having lost the bloom of youth, the defendant cast her aside, got her to execute an agreement of separation, and took into his family as his mistress a younger and sprightlier maiden. The defendant in this case appears to be healthy and robust, and is much younger looking than his wife. He undoubtedly thought that he could cast her aside without having to account to her in the future. In fact he agreed to give her six dollars a week for her support when she left him two years ago by reason of his cruel and inhuman treatment to her. It further appears from the evidence that the defendant, after making such payments of six dollars a week for a while neglected and refused to keep them up, and thereafter the plaintiff herein discovered that defendant had taken to his home, and was living in open and notorious adultery with the said Mary Kaaihaole, and it appears from the evidence he now has her at his place called the homestead, living with her as if she were his wife, while the wife who slaved for him during their marriage, and while she was living with him, is now destitute. No stronger case could be proven of the facts alleged in the complaint than has been proven, and the conduct of the defendant shows such an abandoned nature and such an utter disregard of morality and the laws of the country as well as the laws of God, that his plea now that he should only be required to give her

enough to live on, and not divide the property with her, does not appeal to the conscience of the court."

Also, after finding that the property owned by the defendant was of the value of thirty thousand dollars, said, "The court is asked, however, to make an equitable division of the property, and feels that, under the circumstances of the case, this is proper, rather than to award alimony in a lump sum. Under the evidence in this case the court feels that the plaintiff herein should be decreed one-half of the property now held by the plaintiff and defendant together. It appearing from the evidence that the plaintiff has one piece of property in her own name, and it being community property, this should be put in with the defendant's property, and an equal division of the property made."

It is contended on behalf of the libelee (1) that the Circuit Court under the law had no authority to make an allowance of alimony in gross; (2) that it had no authority to order a division of the real property and to vest title in the libellant; (3) that, if the court possessed the power claimed and exercised in this case, the amount of property decreed libellant is in excess of the amount to which she would be entitled in equity and good conscience without the allowance of temporary alimony provided for in the decree.

It is insisted on behalf of the libellant that the libelee is estopped either from denying the power of the court to decree alimony in gross or to order a division of the real property, (1) because there was introduced in evidence at the hearing a written stipulation wherein the libellee agreed to pay the libellant the sum of $4,000 as alimony; (2) that while testifying as a witness in the case the libellee said that he would prefer to pay alimony in land rather than in money.

It does not seem that the doctrine of estoppel has any application to the fact of this case. The court by its decree did not attempt to enforce the stipulation for the payment of alimony, in gross and the evidence showed that this stipulation was not accepted by the libellant and was expressly repudiated by her.

42

The fact that the libellee expressed a willingness to pay alimony
in land rather than money certainly cannot estop him from con-
testing the power of the court to compel him to give one-half
of his land. It nowhere appears that the libellee consented to
the decree as entered or expressed his satisfaction with it. The
facts of this case distinguish it from those where the appellate
courts have affirmed the decree on the theory of the consent of
the parties. See *Calame v. Calame*, 25 N. J. E. 548; *Crews v.
Mooney*, 74 Mo. 26.

Had the Circuit Court power in decreeing the divorce to
make an allowance to the wife of a gross sum as alimony, or in
lieu of alimony, and order the same paid from the estate of the
husband? If this power exists it is by virtue of the statute.
The statute reads, "Upon granting a divorce for the adultery
or other offense amounting thereto, of the husband, the court
may make such further decree or order against the defendant,
compelling him to provide for the maintenance of the children
of the marriage, and to provide such suitable allowance for the
wife, for her support, as the court shall deem just and reason-
able, having regard to the ability of the husband, the character
and situation of the parties, and all other circumstances of the
case." (C. L. Sec. 1943.)

It will be observed that the word alimony was not used in
the above section. The phrase "to provide such suitable allow-
ance for the wife" is certainly broader than the technical term
"alimony," as known at the common law. 1 Blackstone, p 441.
"Alimony is not a sum of money or a specific proportion of the
husband's estate given absolutely to the wife, but it is a con-
tinuous allotment of sums payable at regular intervals, for her
support from year to year." Bouvier, p. 131.

Under the Illinois statute authorizing the court to "make
such order touching the alimony and maintenance of the wife,"
an annual allowance to the wife has been sustained. (See *Len-
nahan v. O'Keefe et al.*, 107 Ill., 620.) An allowance in gross
has also been upheld under this statute. (See *Dinet v. Eigen-*

*mann,* 80 Ill., 274; *Draper v. Draper,* 68 *Id.,* 17; *Plaster v. Plaster,* 47 *Id.,* 290; *Robbins v. Robbins,* 101 *Id.,* 417.)

In Massachusetts where the wording of the statute is very similar to our own Mr. Justice Gray said in rendering judgment for the court, "This court has long been vested, by successive statutes, with authority, upon granting to a wife a decree of divorce, either from bed and board or from the bond of matrimony, to allow her reasonable alimony out of her husband's estate." * * * "And the practical construction of these statutes has always been that such alimony might, at the discretion of the court, be ordered to be paid in one gross sum, instead of being made payable at stated periods." *Burrows v. Purple,* 107 Mass., 431; also see *Chase v. Chase,* 105 *Id.,* 385.

The language of the statute of California is almost identical with that of our statute and authorizes the court to "make such suitable allowance to the wife for her support, during her life or a shorter period." The Court said in construing this section, "The question is, had the court the power, under this section, to require a gross sum to be paid to the plaintiff for her support. We think the language broad enough to confer this power. It will be observed that the allowance may be for the wife's support during her life and there is nothing limiting it to periodical payments." *Robinson v. Robinson,* 79 Cal. 515.

The Supreme Court of South Dakota in construing a statute that seems to be a verbatim copy of that of California said, "The appellant also contends that the court had no authority to award alimony payable in one sum, instead of payable monthly or annually. But we are of the opinion that our statute fully authorizes the court to render the judgment complained of." *Williams v. Williams,* 61 N. W. R., 41.

No good reason has been suggested nor does any appear to the court, on its investigation of this question, why under the terms of our statute the court could not make an allowance to the wife of a gross sum as alimony or in lieu thereof. The obligation of the husband to sup-

port the wife and the fact that the decree of divorce forever sever the relation existing between the parties would seem to be sufficient reason for the legislature to empower the court to finally adjust and determine the financial relations as well as the marital rights at one and the same time. We are of the opinion that the circuit court was fully authorized to make an allowance to the libellee in gross.

The next question presented by the record is, did the Circuit Court have power to order a division of the real estate and vest title to one-half thereof in the libellant? The statute makes no mention of property but authorizes the court to make "such suitable allowance for the wife," etc. In Illinois where the statute authorizes the court to "make such order touching the alimony and maintenance of the wife," it was held that "the practice of vesting the fee of real estate in the wife by decree for alimony, although sometimes sanctioned by this court under special circumstances, is objectionable." *Ross v. Ross*, 78 Ill., 402; and in *Robinson v. Robinson*, 101 Ill., 422, the court said, "Under such circumstances, while it was proper that Robbins should be decreed to pay to his wife for her support and the support of his children a reasonable sum of money as alimony upon the granting of a divorce, yet we are of opinion that it was error to decree the wife the title to the quarter-section of land named in the decree."

Under the Iowa statute which provides that the court "may make such order in relation to the children and property of the parties and the maintenance of the wife as shall be right and proper," the court said in *Russell v. Russell*, 4 Greene 29, "If the law should be so enforced as upon a prayer for alimony to distribute in fee simple the real estate of the husband between him and his wife, it might tend to promote litigation of this kind, and render the proceeding under the code for divorce not only an easy mode of shaking off the bonds of matrimony, but an ingenious and fashionable way of acquiring title to real estate and changing the inheritance thereof. We think in every view

of the case, it was going too far for the court to divest the husband of the fee simple title to any portion of his land and transfer it to the wife for the purpose of giving her alimony." However, later decisions of the same court have recognized the right of the court to divest the husband of the title to real estate in divorce cases. *Cole v. Cole*, 23 Iowa, 433; *Zuver v. Zuver*, 36 Iowa, 190; *Iwing v. O'Meara*, 59 Iowa, 326. The holding in these later cases sustaining the right to vest the fee in real estate in the wife in divorce proceedings, is based on the use of the word *property* in the statute. ·

By the "unwritten law of the United States," a court cannot award to the wife specific property as alimony. Stewart, Marriage and Divorce, Sec. 374; 1 Bishop, Marriage, Divorce and Separation, Sections 1383 to 1421. This power is given to the courts in many of the states by statutes. We do not think that the language of our statute is broad enough to show a clear intention on the part of the legislature to confer this power on the Circuit Court nor do we feel authorized to extend the terms of the statute by interpretation so as to confer a power that the legislature may not have intended to give. Section 1947 fully authorizes the court to enforce any money judgment for alimony it may render.

We have hereto found that under the evidence of the case, the decree cannot be sustained on the theory of the consent of the parties, and we now conclude that the court had no power under the statute to order a division of the real estate.

The trial court was in error in the decision in finding that the real property in the name of the libellant should be divided and one-half conveyed to the libellee. Under Section 1945, Civil Laws, on the entry of the decree of divorce the real estate owned by the wife became her "sole and absolute property."

The court was also in error in making the order for the payment of $15.00 per week as temporary alimony. This order can only be sustained on the theory that the libellant was in "destitute circumstances." (Section 1938, Civil Laws.) The court

found that the libellant owns in fee real estate of the value of
$3,500 or $4,000; such a person cannot be said to be in "desti-
tute circumstances" and unable to support herself pending the
litigation in this case.

The contention is made by a member of this court that a
decision on the question of the power of the Circuit Court to
make an allowance in gross is not called for by the record in
this case. Is this correct?

It certainly cannot be denied that the kind of an allowance
that the Circuit Court may make to the wife under Section
1943, Civil Laws, is fairly presented by the record. The Cir-
cuit Court, under this statute, made an allowance in gross, in
lieu of alimony—not in money but in property—real estate.
The right of the court to make this allowance is challenged by
the libellee in his exceptions. To simply decide that the court
cannot "decree a division or conveyance of real property" is
merely to settle one of the questions raised and leaves the other
undetermined. It is true that the questions are separable, still
that is no reason why both ought not to be decided. It seems
that the only logical method to pursue in disposing of the ques-
tions is that adopted by the majority, i. e., first to determine
whether or not the court under this statute had the power to
make the allowance in a gross sum. This power was of neces-
sity assumed and included in that exercised by the court and
called in question by the exceptions. If it had been determined
that the court did not have the power to make the allowance in
gross, then it would follow as a matter of course that it had no
power to order a division and conveyance of land. However,
when it was decided that the court had the power to make the
allowance in gross it did not follow that a division of lands
could be ordered and that question must also be determined.

If the opinion of the court on the one question is mere *obiter
dictum* the opinion of the court on the other is equally so. The
one is as fairly presented by the record as the other. The deci-
sion on each proposition is the deliberate opinion of the major-

ity and cannot be said to be *obiter* by any proper use of that term.

. This was the view of the case taken by counsel for both of the parties. It was argued with ability and zeal by counsel for libellee, at the hearing and in his brief, that under this statute the court did not have the power to make the allowance in gross and it was argued with equal ability and zeal by counsel for the libellant that the court did possess this power. In view of these facts and the record it seems that this question ought to be decided.

. The exceptions are sustained and the decree allowing temporary alimony and dividing the real estate is reversed and the cause remanded to the Circuit Court with direction to make to libellant such suitable allowance as the court shall deem just and reasonable and for such further proceedings, consistent with the foregoing opinion, as may be necessary.

*G. A. Davis* for libellant.

*J. T. De Bolt* for libellee.

### OPINION OF PERRY, J.

I concur in the conclusion that the court below was without authority, whether derived from statute, from the alleged stipulation or consent of the parties or otherwise, to decree a division of the real estate owned by the libellee or the conveyance by the libellee to the libellant of a part of such real estate, and am of the opinion that for this reason the decree entered must be reversed and a new trial on the question of alimony ordered.

Upon the other questions discussed by the majority, to-wit, that of the jurisdiction of the lower court to decree in proceedings for divorce the payment by the husband to the wife of a sum of money in gross as alimony and that of the jurisdiction of such court to order the payment by the husband to the wife, for her support, of the sum of fifteen dollars per week until further order, I express no opinion, for the reason that the

first of these questions does not arise and is not necessary to be decided and that it becomes unnecessary to decide the second in view of the conclusion reached on the other points and the decision to reverse the decree and to remand for a new trial.

The bill of exceptions contains a statement of seven exceptions. The seventh is merely a summary of all the others and presents no question not presented by the others. The second and fifth refer to the order for payment of counsel fees in the sum of three hundred dollars and were expressly abandoned by counsel for the appellant at the argument in this court. The first is to that portion of the decision wherein the court announces that an equal division of the property will be ordered, and the fourth to that portion of the decree wherein such division of the real estate and conveyance of one half of the same to the wife is ordered. The sole question presented by these two exceptions is whether or not the Circuit Court had authority in this case, by virtue of the statute or otherwise, to decree a division or conveyance of real estate. This question can be decided without deciding whether or not the payment of a sum of money in gross can be decreed. The questions are entirely separable and distinct and are in fact separately considered in the opinion of the majority. Whether or not an award can be made of a sum of money in gross is absolutely immaterial in a determination of the other question. It may be assumed for the purposes of argument either that the power exists or that it does not exist and yet the same conclusion will be reached that under our statute the court is without jurisdiction to decree a division or conveyance of the real estate. Further, the decree does not provide for or require the payment of a sum of money in gross; the Circuit Court did not attempt to exercise this alleged power.

The third exception is to that portion of the decision wherein the court stated that the libellee would be required to pay to the libellant, pending the division of the property, the sum of fifteen dollars per week for her support, and the sixth to that portion of the decree wherein such weekly payment is required

to be made until further order. This provision was inserted in the decree clearly with reference to its other provisions and may or may not be found in the new decree to be hereafter entered.

The views expressed by the majority on these questions of the power to decree the payment of a sum of money in gross and of the power to require weekly payments pending a division of the real estate or until the further order of the court are, it seems to me, *obiter dicta.*