## LIBANA de NOBREGA *v.* SYLVANO de NOBREGA.

APPEAL FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED NOVEMBER 21, 1902.    DECIDED DECEMBER 5, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

An appeal may be taken by a party in person or by a new attorney without a substitution of attorneys of record, from an order in respect to a matter, such as counsel fees, in which the interests of such party and his attorney are adverse.

Exception and writ of error, and not appeal, lies in divorce cases.

OPINION OF THE COURT BY FREAR, C.J.

Upon granting a divorce in this case the Circuit Court awarded as alimony in gross to the wife substantially one-half of the husband's real property. This court set aside that judgment on the ground that the court could not thus award or divide and divest the title of real property. 13 Haw. 654. An award of temporary

alimony was also held erroneous under the circumstances of the case. The court then awarded $10,000 as alimony in gross. This court set aside that judgment also—on the grounds that the amount was excessive and that the time within which it should be paid was too short, and held that the amount should not exceed $5,000 and that the most of it should not be required to be paid in less than six months. *Ante,* 152. The Circuit Court then awarded $5,000 as alimony in gross and in the same judgment "further ordered, adjudged and decreed that out of the said sum of $5,000.00 so adjudged and decreed to be paid to the said Libana de Nobrega, the sum of one thousand dollars ($1,000) be paid to her attorney of record, George A. Davis, in accordance with an agreement in writing made between the said libellant and her said counsel on the 19th day of July, A. D. 1901." The court further ordered that certain real estate of the libellee stand charged "with the said sum of five thousand dollars ($5,000.00) hereby before ordered, adjudged and decreed to be paid to Libana de Nobrega, the said libellant and George A. Davis, her counsel, that is to say, to pay the said libellant the sum of $4,000.00 on or before the 30th day of April, A. D. 1903, and the said George A. Davis the sum of one thousand dollars ($1,000.00) on or before April 30th, 1903." The libellant appeals from this allowance of $1,000 as counsel fee.

Her counsel on this appeal who were not of counsel in the divorce suit contend that the Circuit Court went beyond the instructions of this court; that it had no jurisdiction to adjudge in this way a fee to an attorney from his own client; and that the allowance was outrageous in its amount.

Her counsel in the divorce suit moved to dismiss the appeal on the ground that it was taken through other counsel without a change of counsel of record, (though, we may remark in passing, the appeal was signed by her in person) and he contends that the case is still in his hands and that professional ethics requires that no change of counsel should be permitted until his fees are paid. He contends also that the fee allowed is not excessive.

The argument of "professional ethics" is certainly a strange

one to come from that side. It would more properly come from the other side. The interest of counsel in this matter of his fee is adverse to that of his client and yet he contends that he should be permitted to represent both himself and her, that is, both sides, and that she should be denied all opportunity to assert her rights until she has yielded them all to her adversary and deprived herself of the possibility of receiving any benefit that she might otherwise obtain by pursuing her remedy. Further comment on this branch of the case is unnecessary.

We are obliged, however, to dismiss the appeal on another ground, suggested by a question from the court at the hearing, and now relied on by counsel. The case was brought here by appeal. But it is clear under the statutes and former decisions that appeals do not lie in divorce cases. The appropriate method for bringing such cases to this court is by exception or writ of error.

It is to be regretted that the case is not properly before us, as there is so much that would seem at first glance to be questionable in the matter. Exceptions cannot now be taken and it is too late to sue out a writ of error. Whether the matter can be brought up by any other method we need not now undertake to say.

The appeal is dismissed.

*Andrews & Andrade* for appellant.

*Geo. A. Davis*, counsel, in person.