## MARY GOMES *v.* MANUEL GOMES.

## No. 1318.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

ARGUED AUGUST 5, 1921.                    DECIDED AUGUST 13, 1921.

COKE, C. J., KEMP AND EDINGS, JJ.

DIVORCE—*separation.*

In an action of divorce or separation the trial judge is not
authorized to appoint a master clothed with the power and author-
ity vested in masters in chancery.

SAME—*same.*

The trial judge is not authorized upon granting a separation to
order a conveyance to the wife of the real estate of the husband
and to vest title therein in her.

OPINION OF THE COURT BY EDINGS, J.

The libellant-appellee instituted an action in the circuit
court of the first circuit of this Territory against her hus-
band, the libellee-appellant, praying for a decree of sepa-
ration from bed and board upon the ground of excessive
and habitual ill-treatment, and for "permanent alimony
either in gross or in monthly payments." At the conclusion
of the hearing of said action the court on the 4th day of
November, 1920, rendered a decision awarding the libellant
a separation as prayed. Some time after this decision
granting the libellant-appellee a divorce *a mensa et thoro*
the court issued an order appointing a master "for the
purpose of ascertaining and reporting to this court with
all reasonable and convenient speed, the financial condi-
tion of the libellee herein and his ability to pay either
alimony in gross or in periodical payments, or partly in
gross and partly in periodical payments, the said master

to have full power and authority to administer oaths and to take testimony of and concerning such matters, and to diligently examine all witnesses produced and vouchers and books submitted." Thereafter, to wit, upon the 30th day of December, 1920, the said master submitted to the court a full and voluminous report, practically embracing every phase of the case, and concluding with a recommendation "that libellee be directed and required to convey to libellant by good and sufficient warranty deed the real property described in Master's Exhibits '9' and '10' together with the sum of $50 per month until such time as it can be ascertained what income libellant can realize from this real estate, or that libellee be ordered and directed to pay to libellant the sum of at least $150 per month as permanent alimony," whereupon the court on the 14th day of January, 1921, "adopted the recommendation of the master" and ordered the libellee "by way of alimony in gross, forthwith to execute to libellant herein good and sufficient warranty deeds to the following described real property" (here follows a description of the real estate to be conveyed by the master and consisting of the entire real estate owned by the libellee), and "further to pay to libellant the sum of $50 per month until the further order of the court and to pay said master the sum of $250 for his services." From this order the libellee appeals to this court.

The libellee-appellant contends that the master's report embraced "matters of fact which he was not authorized to investigate;" "that the report was not based upon competent evidence" and that "the trial court erred in adopting the recommendations of the master relevant to the alimony to be awarded the libellant." While these criticisms of the master's report and the importance attached to the same by the trial court may not be without merit there seems to this court to be a much more serious objection to

this report and its acceptance and adoption by the court for any purpose.

The master in this action was clothed and vested with all of the power and authority possessed or exercised by masters in chancery and his appointment was an attempt by a court of law to appoint a master in chancery to perform certain duties and to exercise certain functions in an action at law then pending before the court. This assumption of power by the court is unsupported by precedent and not conferred by statute. The duties which this master was called upon to perform are duties within the exclusive province of the trial judge and cannot be delegated.

The next contention of the libellee-appellant was that "the trial judge, sitting in divorce, was without power or jurisdiction to decree a specific conveyance of real property as alimony in gross. Chapter 167 R. L. 1915, and the amendments thereto, contains all of the provisions relative to divorce and separation in the Territory and defines the power of the court with respect to the award of alimony in actions for divorce and separation and the care and custody of minor children. Section 2936 of that chapter is as follows:

"Permanent alimony; maintenance of children. Upon granting a divorce for the adultery or other offense amounting thereto, of the husband, the judge may make such further decree or order against the defendant, compelling him to provide for the maintenance of the children of the marriage, and to provide such suitable allowance for the wife, for her support, as the judge shall deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case."

Section 2938 is as follows: "Security and enforcement of maintenance and alimony. Whenever the judge shall make an order or decree requiring a husband to provide for the care, maintenance and education of his children, or for an allowance to his wife, the judge may require him

to give reasonable security for such maintenance and allowance; and upon neglect or refusal to give such security, or upon default of him and his surety to provide such maintenance and allowance, the judge may sequester his personal estate, and the rents and profits of his real estate, and may appoint a receiver thereof, and cause such personal estate and the rents and profits of such real estate to be applied towards such maintenance and allowance, as to the judge shall from time to time seem just and reasonable."

Under this section (2938) this court held that the court had no power upon granting a divorce to order a division of the husband's real estate and to vest title to a part thereof in the wife. (*Nobrega* v. *Nobrega,* 13 Haw. 654.) But it is claimed by appellee that "the statute of Hawaii conferring jurisdiction to award support and maintenance in cases of separation (Sec. 2946 R. L. 1915) confers authority upon the circuit judge to award specific realty." In other words, "in absolute divorce the order runs against the person of the husband. In separation, on the other hand, the court has two choices: the award of a sum to be paid by the husband, or a provision such as was made in this case of specific property 'out of the property' of the husband." Section 2946 R. L. 1915, relied upon for this contention of the appellee, is as follows:

"Support of wife and children. Upon decreeing a separation, the judge may make such further decree for the support and maintenance of the wife and her children, by the husband, or out of his property, as may appear just and proper."

While it is true that chapter 167 is divided into subsections, the first being "Annulment," the second "Divorce," the third "Separation," the caption of the act is "Annulment, Divorce and Separation," and this court has held that it should be construed as an entirety. In the case of *Springer* v. *Thompson,* 25 Haw. 638, the court says: "It may be here stated that the separation contemplated in

the last section quoted (Sec. 2944) is in effect a divorce
from bed and board. A decree rendered under that section
is a divorce *a mensa.* * * * A separation as contemplated
by section 2944 is a divorce in the sense the term is used
in section 2930." This exceedingly reasonable, well sup-
ported construction coincides with the evident intention of
the legislature in enacting this statute, for section 2937
(under subdivision 2) provides for the "Care, custody, edu-
cation and maintenance of children" in the following
words: "Upon annulling a marriage, or decreeing a di-
vorce, the judge may make such further decree as he shall
deem expedient, concerning the care, custody, education
and maintenance of the minor children of the parties, and
determine with which of the parents the children or any of
them shall remain," and it was under this section (2937)
that the trial judge acted in this action of separation when
he awarded the care and custody of certain of the children
to the mother, the libellant-appellee herein, subdivision 3
of said chapter being entirely silent upon the subject.

A fair construction of this statute is that section 2938
must be regarded as a limitation upon the expression "or
out of his property" used in section 2946 and restricts and
confines the judge awarding support and maintenance to
a wife in an action for separation to the manner and only
to the extent therein provided, and under this section a
judge cannot award to the wife specific property as ali-
mony. As expressed by this court in the case of *Nobrega* v.
*Nobrega, supra,* "This power is given to the court in many
of the states by statute. We do not think that the language
of our statute is broad enough to show a clear inten-
tion on the part of the legislature to confer this power on
the circuit court nor do we feel authorized to extend the
terms of the statute by interpretation so as to confer a
power that the legislature may not have intended to give."

The appeal is sustained and the order requiring the li-

bellee to execute to the libellant good and sufficient conveyances of the parcels of real property therein referred to is reversed.

*W. B. Lymer* and *Marguerite K. Ashford* (also on the brief) for libellant.

*B. S. Ulrich* (*Thompson, Cathcart & Lewis* on the brief) for libellee.