## MARY GOMES *v.* MANUEL GOMES.

### No. 1437.

#### APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
#### HON. J. R. DESHA, JUDGE.

ARGUED MAY 23, 1923.                    DECIDED JUNE 29, 1923.

### PETERS, C. J., PERRY AND LINDSAY, JJ.

DIVORCE—*separation.*

> Upon a decree for separation from bed and board the court
> is not authorized in awarding the wife alimony in gross, but may
> make provision for her maintenance and support by stated peri-
> odical payments.

#### OPINION OF THE COURT BY LINDSAY, J.

On August 11, 1920, the libellant brought an action in the first circuit court against libellee, praying for a decree of separation from bed and board upon the grounds of excessive and habitual ill-treatment, and for "permanent alimony either in gross. or in monthly payments." After a hearing the circuit judge on November 4, 1920, rendered a decision granting libellant a separation as prayed for. Thereafter the circuit judge issued an order appointing a master "for the purpose of ascertaining and reporting to this court with all reasonable and convenient speed, the financial condition of the libellee herein and his ability to pay either alimony in gross or in periodical payments, or partly in gross and partly in periodical payments." Pursuant to this order the master reported to the court recommending that libellee be directed to convey to libellant certain real property, and to pay to libellant the sum of $50 per month until such time as it might be ascertained what income libellant would be likely to derive from said real property. On receipt of the mas-

ter's report, the circuit judge on January 14, 1921, made and entered a decree granting libellant a separation from bed and board, and awarding to her the care and custody of her four minor children, and, as recommended by the master, ordered libellee "by way of alimony in gross" to forthwith convey to libellant certain parcels of real property owned by libellee, and further, to pay to libellant $50 per month until the further order of the court.

On an appeal from the order awarding alimony, this court set aside the order requiring the libellee to convey the real property to libellant, holding that the circuit judge was not authorized by law to order such a conveyance. This court further held that the circuit judge was without authority to appoint a master in divorce proceedings. The portion of the circuit judge's order requiring libellee to pay libellant $50 per month was not set aside. See *Gomes* v. *Gomes,* 26 Haw. 128.

The matter was next taken before the circuit judge presiding over the department of domestic relations, for the determination of an adequate provision for the support and maintenance of libellant and her children. That judge, after taking further testimony in the cause and hearing argument thereon, on July 25, 1922, entered an amended decree which recited that "it appearing to the court * * * that the libellant should receive alimony in excess of the sum now allowed" and ordered that libellee pay to the libellant "as alimony in gross," the sum of $4000 payable on or before the 31st day of December, 1922, and the further sum of $100 per month until the further order of the court. From this order libellee has appealed on the ground that the circuit judge erred in awarding alimony in gross, and on the further ground that the amount of alimony awarded was excessive.

Provision for the support of a woman who has obtained a separation is regulated in this Territory by

section 2946, R. L. 1915, which provides: "Upon decreeing a separation, the judge may make such further decree for the support and maintenance of the wife and her children, by the husband, or out of his property, as may appear just and proper."

The authority of a circuit judge to award alimony in gross to a wife who has been decreed a separation from bed and board, has never been judicially determined in this Territory nor, as far as we have been able to ascertain, has that question been raised in many other jurisdictions. In 19 C. J. at page 261 it is stated that the power to award a gross sum by way of alimony "has not been limited to cases of divorce from the bonds of matrimony, but has been exercised where the divorce was from bed and board," citing *Chase* v. *Chase,* 105 Mass. 385; *Orrok* v. *Orrok,* 1 Mass. 341; *Taylor* v. *Taylor,* 93 N. C. 418, 53 Am. Rep. 460. In all of these cases the wives who had obtained divorces from bed and board were granted alimony in gross, but the power of the court to make such awards was not questioned nor argued. In *Burrows* v. *Purple,* 107 Mass. 431, it was held that in that state alimony in gross might be awarded either in the case of an absolute divorce or of a separation, the court saying (p. 433), "In this Commonwealth this discretionary power has not been limited to cases of divorce from the bond of matrimony, for in the earliest and the latest reported cases upon the subject, alimony in gross was decreed upon a divorce from bed and board for the husband's cruelty. *Orrok* v. *Orrok,* and *Chase* v. *Chase,* above cited."

Whatever may be the rule under the statutes of other jurisdictions, we are of the opinion that under our statutes no authority lies in a circuit judge to decree alimony in gross to a wife who has obtained a legal separation from her husband. It is true that in the case of *Nobrega* v. *Nobrega,* 13 Haw. 654, this court has held that when

a wife has obtained a decree of divorce *a vinculo,* the court may award the divorced wife alimony in gross, but while such an award, from the very nature of the decree, is often most fitting, when the decree is not for a complete severance of the marital relations but is for a mere separation, the conditions are different. As said by this court in the *Nobrega* case (p. 659), in speaking of an absolute divorce, "The obligation of the husband to support the wife and the fact that the decree of divorce forever sever the relation existing between the parties would seem to be sufficient reason for the legislature to empower the court to finally adjust and determine the financial relations as well as the marital rights at one and the same time." Upon principle, when the bonds of matrimony theretofore existing between a man and woman have been completely severed, it would seem logical and proper, at least in many cases, that a settlement once for all between the parties should be had. "The allowance of a gross sum in the case of an absolute divorce is more consistent with the nature of the decree than a periodical allowance, because such a decree is a final winding up of the relation existing between man and wife and is an absolute breaking of all marital ties." 1 R. C. L., "Alimony," Sec. 76.

Where, however, a complete divorce has not been decreed but a mere separation, the relations except as modified by the decree remain undisturbed. The parties are still, in the eyes of the law, husband and wife and the duty of the husband to support and maintain his wife remains undiminished. The wife still retains her inchoate right of dower in the estate of her husband. Furthermore, the parties may be reconciled and resume their full marital relations, for the law favors reconciliation and by statute specifically provides therefor. In the case of a divorce *a vinculo* and the award of a gross sum by way of alimony,

the law contemplates that such award is a final settle-
ment of the financial affairs of the parties and that that
question will not again be raised, but in the case of a
separation, the matter of an adequate provision for the
wife's support is not settled once for all, for, as already
stated, not only may the parties be reconciled, in which
case the allowance ceases, but the amount awarded is
liable at any time to be increased or diminished at the
discretion of the court. See Bouvier, "Alimony."

A statute in Tennessee empowers the court in all cases of
divorce to decree to the divorced wife such part of the real
and personal property of the husband as the court shall
think proper. In *Chenault* v. *Chenault*, 5 Sneed (Tenn.)
247, the court in construing this statute said (p. 250) :

"This provision, though in terms applicable to all cases
of divorce, obviously was intended to apply only to di-
vorces from the bond of matrimony. There is, both in
reason and upon authority, a very wide distinction in the
principle upon which an allowance is made to the wife
in cases of divorce *a mensa* and *a vinculo*. Upon a divorce
from bed and board merely, the marriage relation is left
intact and continues to subsist as before such decree. The
only effect is, a cessation for a definite, or indefinite
period, of matrimonial cohabitation. It deprives the wife
of none of the rights belonging to that relation in the
event of a reconciliation, or in the event of her surviving
her husband. The marital obligation of the husband suit-
ably to maintain the wife, according to his condition
and ability, continues to exist, after the separation, as
before. The ordinary practice in such cases is, not to de-
cree to the wife, absolutely, a certain proportion of the hus-
band's estate, but to give her alimony; that is, to make
an allowance in money for her separate maintenance,
payable at intervals from time to time, to continue until
a reconciliation, or until otherwise ordered by the court.
And the husband cannot be discharged from the obliga-
tion to furnish such maintenance after the separation
any more than before, on the ground that his estate or

income is inadequate.  Though that be so, yet it is clear that his future income, from whatever sources derived, including the earnings of his personal labor, and all subsequent acquisitions, is chargeable with such allowance. This necessarily results from the continuance of the marriage relation, but it lasts no longer than the existence of such relation; with its dissolution the duty of maintenance is at an end.  And hence, in case of a divorce a vinculo, which extinguishes the marriage relation, and leaves the parties as if the marriage had never taken place, a very different rule prevails.  In the latter case, the duty of maintenance, on the part of the husband, is at an end, as much as if a dissolution had been effected by the death of the wife."

We are of the opinion that the circuit judge was without authority to require libellee to pay libellant a sum by way of alimony in gross.  Under the facts in this case the libellee should have been required to make adequate provision for the maintenance of libellant and her minor children by stated periodical payments.

In view of the state of the record in this case we deem it unnecessary to again remand the case to the circuit court for the purpose of making suitable provision for the support and maintenance of libellant and her minor children but this court will now make such provision.  Two circuit judges have found, and the evidence fully supports such finding, that the libellee is amply able to make such provision.  The record discloses that libellee has, in the attempt to evade his duties as husband and father, spent large sums in attorneys' fees that might well have been devoted to the support of his family.  The parties have by stipulation agreed that during the pendency of this case libellee has disposed of an express business for the net price of $8750 and it further appears that he owns certain real property of considerable value.  The libellant with four children, one of whom is feeble-minded, is living in a house that all parties concede is

not fit for human habitation. Libellant, who is a confirmed invalid and unable to contribute towards the support of herself and children, has testified that it will require at least the sum of $150 per month to maintain them with any degree of comfort. Under all of the facts in the case, we are of the opinion that libellant is entitled to such an allowance in that amount and that she should receive the same from the date of the rendition of the decree of separation, to-wit, from the 14th day of January, 1921, less such sums as may have been paid to her since said date. The libellee is ordered forthwith to furnish libellant with a good and sufficient bond to be approved by the court in the sum of $5000 conditioned upon the compliance by libellee with the decree to be hereafter entered herein.

A decretal order to that effect will be made by this court upon presentation.

*W. B. Lymer* and *Marguerite K. Ashford* (*Watson & Lymer* and *Marguerite K. Ashford* on the brief) for libellant.

*J. Lightfoot* (*Lightfoot & Lightfoot* on the brief) for libellee.