MINA MILLER *v.* COOKE TRUST COMPANY, LIM-
ITED, ADMINISTRATOR OF THE ESTATE OF
CHARLES AKANA, DECEASED.

No. 2247.

Argued December 7, 1935.      Decided February 15, 1936.

Coke, C. J., Peters, J., and Circuit Judge Case in place
of Banks, J., unable to attend
on account of illness.

OPINION OF THE COURT BY COKE, C. J.

The parties to the above cause come to this court on
an agreed statement of facts. These facts as recited in
the submission are: that on October 10, 1927, Mina Mil-
ler, plaintiff herein, was married, in Honolulu, Territory

of Hawaii, to Charles Akana; that on March 22, 1934, a libel for divorce was brought by Mrs. Akana against her husband in the circuit court of the first judicial circuit of said Territory; that after the hearing on the libel and prior to entry of decree, a stipulation was entered into between the parties and filed on May 1, 1934, by the terms of which the parties agreed "that the court may make an order requiring the libellee to pay to the libellant as alimony in gross the sum of two thousand dollars ($2,000.00) payable as follows: one thousand dollars ($1,000.00) upon the granting of the divorce and the remaining one thousand dollars ($1,000.00) in monthly payment of forty dollars ($40.00), the first payment thereof to be made on the 1st day of July, 1934, and a like payment on the 1st day of each and every month thereafter until the said sum of one thousand dollars ($1,000.00) has been fully paid, regardless whether or not either party remarries. All of said payments to be made through the office of the chief clerk of the circuit court of the first judicial circuit, Territory of Hawaii." The submission further recites that shortly after the stipulation was filed, the court entered a decree granting a divorce to the libellant and pursuant to and as a result of said stipulation imposed upon the libellee the terms and conditions of the stipulation. The submission further recites that Charles Akana died intestate on March 17, 1935, and that Cooke Trust Company, Limited, is the duly appointed, qualified and acting administrator of the estate of the deceased; that following the entry of the decree and pursuant to and in compliance therewith Akana paid to libellant $1000 and $40 a month for eight consecutive months on account of the remaining balance of $1000, the last payment of which was on February 16, 1935, so that prior to his death Akana had paid on account of the decree the total sum of $1320; that no other amounts than those stated have been paid to libel-

lant; that after the appointment of Cooke Trust Company, Limited, as administrator, the plaintiff duly filed with the administrator her authenticated claim against the estate of her ex-husband in the sum of $680, being the balance claimed by her to be due under the decree of divorce; that shortly thereafter the administrator rejected and refused to pay said claim or any part thereof except the amount of the unpaid installment which was due on March 1, 1935, to-wit, the sum of $40, and would pay this sum only on condition that plaintiff would release the estate from all other demands.

The controversy between the parties as set forth in the submission is as follows: "The plaintiff contends that said decree of divorce, in so far as it relates to alimony, was a decree for an allowance in gross and was a final judgment for a sum certain, to-wit, the sum of two thousand dollars ($2,000.00) against the said Charles Akana, and survived against his estate and did not abate, by reason of his death, as to the unpaid portion of said $2,000, to-wit, the sum of $680.00, and that said plaintiff's claim for said balance of $680.00 is a provable claim against the estate of said Charles Akana, deceased, and should be allowed and paid by said administrator. * * * The defendant contends that said decree of divorce, in so far as it relates to alimony, was not an allowance in gross in so far as the monthly installments are concerned, and was not a final judgment for two thousand dollars ($2,000.00) and did not survive against the estate of Charles Akana but abated, by reason of the death of said Charles Akana, as to all installments not then due and payable, and that no part of the plaintiff's claim is provable against the estate of said Charles Akana, deceased, or allowable and payable by said administrator, save and except the said forty dollar ($40.00) installment due and payable on March 1, 1935, as aforesaid."

The parties agree that this court may enter judgment conformably to such decision as it may render upon the issues involved.

The subject of .alimony has had the attention of this court on prior occasions and a restatement of some of the cardinal principles of law announced in these decisions will perhaps serve a useful purpose. *In Nobrega* v. *Nobrega,* 13 Haw. 654, and *Nobrega* v. *Nobrega,* 14 Haw. 152, it was definitely settled in this jurisdiction that in proper cases our courts have power and authority to award to a wife a gross sum for maintenance as distinguished from alimony payable periodically. In the case of *Hart* v. *Hart,* 23 Haw. 639, it held that in a case where alimony was awarded payable at stated intervals for the support of the wife for life, a term of years or other fixed periods, the court may upon a showing of a change in conditions or circumstances existing at the time of the award modify the award. To the same general effect is the decision in *Farm* v. *Corun,* 31 Haw. 574. In *Gomes* v. *Gomes,* 26 Haw. 128, it was held that our local statute is not sufficiently comprehensive to permit the judge awarding support and maintenance to a wife to award to her specific property. The statute referred to in the foregoing opinions is now section 4475, R. L. 1935, which provides: "Upon granting a divorce for the adultery or other offense amounting thereto, of the husband, the judge may make such further decree or order against the defendant, compelling him to provide for the maintenance of the children of the marriage, and to provide such suitable allowance for the wife, for her support, as the judge shall deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case." It being the law, therefore, in this jurisdiction that our courts may make an allowance in gross for the support of a wife, the

694

question of law to be determined in this proceeding is, does such an award in gross survive the death of the husband and if unsatisfied, does it become an enforceable claim against his estate?

In light of the facts set forth in the submission we attach no importance to the fact that a portion of the gross amount awarded to plaintiff was by stipulation of the parties and the terms of the decree payable in monthly installments. It is clear to us that the amount of the gross sum awarded was $2000 and this became a fixed obligation with every element of finality. The arrangement permitting defendant to discharge a part of the obligation at the date it was created and to discharge the balance in successive periodical payments was undoubtedly for the convenience of the libellee. But this did not transform the character of the award from a fixed and final allowance in gross to alimony payable periodically which would be subject to modification on account of changed conditions. In discussing a decree awarding $1500 to a wife as alimony in gross payable in installments, the supreme court of Kansas in *Bassett* v. *Waters,* 103 Kan. 853, said: "As will be observed, the judgment in question was not a periodical allowance for the maintenance and support of the former wife, but it was absolute in form and for a gross sum based on the marriage obligation of the husband, with all the characteristics and conclusiveness of any other judgment for debt. The finality of such a judgment has been determined in a case where permanent alimony was awarded in a lump sum payable in installments, which was held to be absolute and conclusive, not only as to the divorce, but as to the question of alimony, and it was held that the court was without power thereafter to change the judgment because of a change of circumstances, or for any other reason. * * * The fact that the lump-sum judgment awarded the

divorced wife was payable in three installments did not take from it the character of finality." See also *Wilson* v. *Hinman,* 182 N. Y. 408; *Storey* v. *Storey,* 125 Ill. 608; 19 C. J. 261; 1 R.C.L. 951. Indeed there is very general authority holding that when an agreement between the parties fixing alimony for a wife in periodical installments during her lifetime has been approved by the solemn decree of the court it becomes forever binding to the same degree and with the same effect as ordinary contracts between the parties admittedly *sui juris* and is not subject to revocation or modification except by consent of the parties thereto. *Henderson* v. *Henderson,* 37 Ore. 141, 152.

Some confusion exists in the decisions of courts because of a failure to distinguish between what is known as an award in gross and an allowance of periodical payments for the support of the wife. The former, strictly speaking, is not alimony. This court apparently recognized the distinction and in *Nobrega* v. *Nobrega, supra,* quoting from Bouvier, p. 131, defined alimony as "a continuous allotment of sums payable at regular intervals, for her support from year to year." This definition of course excludes a lump-sum payment. The latter, as distinguished from alimony, is a final property settlement between the parties which, when legally brought about, is as binding, conclusive and final as the decree of divorce itself, its purpose being "to finally adjust and determine the financial relations as well as the marital rights at one and the same time." See *Nobrega* v. *Nobrega, supra.*

The courts have repeatedly announced that the agreement between the parties effecting a property settlement in a divorce proceeding, if fair, moral and not against public policy, should be enforced. There can be no doubt in the present case that the parties intended that the plaintiff should receive from her husband the sum of $2000

and she, in consideration thereof, was to discharge him from all personal claims and release any interest by way of dower or otherwise which she might have had in his property. This purpose and intent are disclosed by the unmistakable language of the agreement between the parties as well as by the decree of the court. All plaintiff now asks is that she have the sum of money which it was stipulated she should receive under the terms of the agreement and which was awarded to her by the court. The demise of the husband did not rescind the agreement nor revoke the decree nor destroy the wife's right thereunder any more than that event would have discharged an ordinary money judgment outstanding against Akana at the time of his demise. In other words, his death did not abate or extinguish the right of plaintiff to enforce the decree and it follows that she is entitled to have judgment against the defendant herein for the sum of $680, together with costs. Let judgment be entered accordingly.

C. N. Tavares (*Hewitt & Tavares* on the briefs) for plaintiff.

C. H. Tracy (also on the brief) for defendant.