# J. M. VIVAS AND A. G. CORREA *v.* MOSES KAUHI-MAHU, J. H. FISHER, AUDITOR OF THE TERRITORY OF HAWAII, GARNISHEE.

## APPEAL FROM DISTRICT MAGISTRATE, WAILUKU.

SUBMITTED MAY 17, 1909. DECIDED MAY 27, 1909.

### HARTWELL, C.J., WILDER AND PERRY, JJ.

HUSBAND AND WIFE—*attorney's fee for defending wife in divorce suit.*
> The husband is not liable at law for the fee of an attorney in defending the wife in a libel for divorce.

### OPINION OF THE COURT BY HARTWELL, C.J.

The plaintiffs sued to recover $100 on a quantum meruit for their professional services to the defendant's wife as her attorneys on her appeal to this court from a decree of divorce granted to the defendant, and in drawing and preparing briefs, typewriting and attendance in the matter, averring that the services were necessary for protecting and defending her rights. The defendant's demurrer on the grounds that the complaint did not state a cause of action and showed that the court had no jurisdiction was sustained on both grounds. The plaintiffs appeal on the points of law involved in sustaining the demurrer.

The appellants in their brief say that they moved the judge who granted the divorce to grant them counsel fees and that he overruled their motion claiming that he had not jurisdiction to grant it. As the defendant contends, this might make the matter res judicata, but as the fact does not appear in the record it is not considered.

The demurrer was properly sustained. There is nothing in the complaint which shows that in attending to the appeal the plaintiffs gave credit to the husband or that the wife had not means of her own to pay for their services or that she requested

them to represent her on appeal. The court in which the libel is brought has discretionary power to require the husband to furnish means to engage counsel for the wife in defending a libel suit for divorce when "it shall be made to appear to the judge after the filing of the libel" that the wife is in "destitute circumstances." Sec. 2236 R. L. A refusal of a judge to compel the husband to advance counsel fees as one of the "reasonable expenses of trial to be incurred by the wife" would not be reversible on appeal unless it was shown that the refusal was arbitrary, nor would such refusal justify another court in taking jurisdiction of an action by counsel to recover for services rendered unless on the theory that counsel had a right to require the husband's payment for his services, whatever the wife's pecuniary or other circumstances might be.

An attorney then has no absolute right under any circumstances to an order of court to compel the husband to pay him a fee since it is within the reasonable discretion of the court to determine the necessity of engaging counsel. A case may occur in which it is so clear that a divorce ought to be granted or refused that the court would not consider that an attorney was needed. In other words, it is for the court and not the attorney to determine in a divorce suit whether his services are necessary to the wife's defense or not. It follows that if without order for payment of his fee by the husband he takes upon himself to defend, he has no right to look to the husband for compensation since it was the judge who tried the libel, and not counsel nor the wife, who is to pass upon the occasion for legal services, subject of course to reversion on appeal from a refusal of the court. Legal services in defending a libel are not, like such things as food, clothing and shelter, a necessary per se, the occasion for them being for the court to determine. "In England the practice of providing means for the wife in a pending divorce by or against her husband has been managed by interlocutory orders in the ecclesiastical courts and a temporary

taxation of costs pending the suit for taxable costs only." Per Shaw, C. J., in *Coffin v. Dunham,* 8 Cush. 405, holding that the husband was not liable in an action by a counselor at law to recover for his services in defending the defendant's wife against a libel for divorce in which the wife prevailed.

The remedy at law for neglect of the husband's duty to support his wife "is for the wife to purchase necessaries on her husband's credit and then for those who furnish such necessaries to sue the husband for their reasonable value." *Dole v. Gear,* 14 Haw. 554, 556. "Where the husband and wife are living separate and apart one furnishes necessaries to the wife at his peril and must show, among other things, in order to recover, that the wife was in need of the necessaries, that the husband failed to supply her with them and that she had authority to bind her husband, that is, that she was justified in living apart from her husband." *Forrester v. Hurtt,* 18 Haw. 215, 216. The plaintiffs' complaint contains no such averments which are essential to a right of action. *Brown v. Ackroyd,* 34 Eng. L. & E. 214, 217, lays down the rule that "a wife has authority to pledge her husband's credit for the costs of the divorce suit where there are reasonable as well as where there are absolute grounds for instituting the suit," and "that the proctor suing the husband must prove a reasonable cause for instituting the suit, otherwise it would be illusory to say that the wife may, under such circumstances, apply to the Ecclesiastical Court for protection." The court, however, held that there was not reasonable cause for instituting the suit. *Morris v. Palmer,* 39 N. H. 123, holds on the contrary that the husband is liable for necessary costs in a prosecution against him upon complaint of the wife for a breach of the peace, placing the case on the same basis as a divorce suit. In *Gossett v. Patten,* 23 Kan. 240, a divorce suit in which the wife was charged with acts derogatory to her character and it was necessary for her in order to protect her good name to

employ counsel to defend her and she had no means to pay and applied to the court for suit money, but before the court decided on the application the husband discontinued the suit, it was held that counsel could recover for services necessarily rendered in defending the case, but "where the services are unnecessary or where the wife is able to pay for them or where the allowance has been made for them and probably where the wife is in the wrong such an action could not be maintained." "In a husband's libel for the divorce charging the wife with adultery he is liable for services rendered by an attorney at law in establishing the innocence of the wife upon an implied promise to pay therefor as necessaries for the wife" (*Porter & Moir v. Briggs,* 38 Ia. 166), but *Johnson v. Williams,* 3 G. Greene, 99, held that the husband was not liable for professional services in procuring the wife's divorce unless he authorized them or was ordered by the court to pay for them. A husband is liable for the fee of an attorney employed by the wife to defend her against a prosecution by the husband to compel her to find sureties to keep the peace "on a groundless charge." *Warner v. Heiden,* 28 Wis. 517. In *Shelton v. Pendleton,* 18 Conn. 417, the wife obtained a divorce, the plaintiffs suing the husband for disbursements and fees. The court said that the demand "has no support from any precedent to be found by us in this country or elsewhere," and that the uniform practice, in case of her inability to engage counsel, was for the court to order the husband to provide funds for her defense.

An attorney's fees will not be taxed in a divorce suit. "The authority of the court over the allowances for the wife's expenses of the suit excepts such cases from the operation of the general rule." *Gertz v. Gertz,* 5 Haw. 175. Legal services in defending a wife upon her retainer in criminal actions against her for desertion of her husband are not necessaries for which an action quantum meruit lies. "To allow a suit on the quantum meruit in such a case would be a dangerous rule leading

to much petty litigation. Application for allowance of legal fees and the amount of them ought to be addressed to the discretion of the court in an action for divorce or separation." *Kekoa v. Borden,* Ib. 23. The rule laid down in *Coffin v. Dunham,* supra, under facts similar to those in the present case, conforms to our decisions and practice in giving exclusive jurisdiction to the court in which the libel is pending to determine the propriety and reasonableness of attorneys' fees in defending the wife. In the absence of an express engagement or agreement by the husband his marital obligations do not imply a legal obligation on his part to pay for the legal services.

Judgment affirmed.

*J. M. Vivas* and *A. G. Correa* for plaintiffs.

*Atkinson & Quarles* for defendant.