## CHING ON v. D. H. LEWIS.

APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

ARGUED DECEMBER 8, 1914.                    DECIDED DECEMBER 12, 1914.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

HUSBAND AND WIFE—*necessaries—legal services.*
    A complaint in assumpsit for legal services rendered by an attorney at the request of a married woman in procuring warrants of arrest against her husband upon charges of assault and battery, in the absence of allegations to the effect that the public officials whose duty it is to issue warrants and prosecute offenses had refused to act, and that the accusations were well founded, and that the services rendered were necessaries, does not set forth a cause of action against the husband.

OPINION OF THE COURT BY ROBERTSON, C.J.

The plaintiff appeals from a decision of the district magistrate sustaining a general demurrer to the complaint in an action of assumpsit. Plaintiff is the assignee of J. A. Magoon, a member of the bar of this court. It was alleged in the complaint:

"That said defendant is indebted to said plaintiff in the sum of Fifty Dollars for service rendered in the matter of an assault and battery alleged by said Susan K. Lewis to have been on to wit: December 26, 1913, committed upon her by said defendant, and in the matter of an alleged attempt of said defendant in connection with said assault to drive her away from his home where she was then residing with him as his wife and leaving her homeless and in a destitute condition.

"That said defendant is further indebted to said plaintiff in the sum of One Hundred Dollars for services rendered in the matter of an assault and battery alleged by said Susan K. Lewis to have been, on to wit: May 26, 1914, committed upon her by said defendant by striking her with a bottle filled with liquid and injuring her, and at the same time threatening to kill her, in consequence whereof she claimed that she was in great fear that said defendant would kill her, and for services rendered in the matter of an alleged attempt in connection with said last mentioned assault, on the part of said defendant to drive said Susan K. Lewis away from her said home and leaving her homeless and in a destitute condition; and for services rendered in the matter of an assault and battery alleged by said Susan K. Lewis to have been on, to wit: May 27, 1914, committed upon her by said defendant and one M. Heffern, at which time both said defendant and said M. Heffern, were trying to drive her away and prevent her from entering into in her said home; and for services rendered in the matter of securing a special policeman to guard said Susan K. Lewis against assault from said defendant and said M. Heffern.

"That said Susan K. Lewis promised for and on behalf of said defendant to pay said Magoon for his services in the premises such sum as said services were reasonably worth and that said services were reasonably worth the sum of $150.00.

"That said defendant is indebted to said plaintiff in the further sum of $5.00 for money paid by said Magoon to said special policeman for his services as aforesaid at the special instance and request of said Susan K. Lewis and upon her promise for and on behalf of said defendant to repay the same to the said Magoon."

The contention of counsel for the plaintiff is that the services rendered and cash advanced were "necessaries" for which the husband is liable. *Morris* v. *Palmer*, 39 N. H. 123, is cited. In that case the wife employed an attorney to make out a complaint and cause the arrest of her husband for a breach of the peace, and such proceedings were had· thereon that he was committed to the county jail. It was held that the services were necessaries furnished to the wife for her protection, and that the husband was liable to the attorney for the amount of his

fee, and money advanced for costs. The court pointed out that "By the statute, the complainant is liable for the costs in the first instance, unless the prosecution is ordered by the counsel for the State. The counsel for the State seldom if ever interfere to order a complaint for a breach of the peace, and no one is required to make out such a complaint, on which a warrant issues, without compensation." In *Smith v. Davis*, 45 N. H. 566, under somewhat different circumstances, it was held that an attorney's fee was not recoverable, it not appearing that the services were necessary or that there were reasonable grounds for instituting the proceedings. In *Conant v. Burnham*, 133 Mass. 503, in holding a husband liable for legal services rendered to his wife in successfully defending her against a complaint instituted against her by him for being a common drunkard, the court said, on the subject of necessaries, "Each case must be determined by its own circumstances. Approximations may sometimes be made, by holding that certain articles or services are to be deemed outside of any reasonable construction of the term. But legal services do not fall within such universal or general exclusion. There may be occasions when such services are absolutely essential for the relief of a wife's physical or mental distress." And in holding a husband not liable for legal services rendered his wife in instituting a complaint against him for an assault and battery upon her, the court said, "Under the laws and customs of this State, we do not think that legal assistance was necessary for this woman in prosecuting her husband for an assault and battery upon her. The complaint in such case may be made orally to the magistrate, who will himself reduce it to writing, issue a warrant if it appears that an offense has been committed, and investigate the case." See also *McQuhae v. Rey*, 23 N. Y. S. 16. In this Territory it is the duty of the district magistrate to take the complaint of any person alleging the commission of any offense, or that another intends to commit an offense with violence, and to issue a warrant for the arrest of the accused, and public prosecutors

are provided whose duty it is to conduct on behalf of the people the prosecution of such charges. It appears, therefore, that, unless the public officers refuse to act, the employment of private counsel to obtain a warrant of arrest and to prosecute a charge of assault or to secure a peace bond is not necessary. No allegation to the effect that the officers refused to act was made in the complaint in this case. The view here taken is in harmony with the cases of *Kekoa* v. *Borden,* 5 Haw. 23, and *Vivas* v. *Kauhimahu,* 19 Haw. 463.

Furthermore, there was no allegation that an assault and battery was in fact committed, but merely that the wife so alleged, and there was nothing to show that the charge was well founded. There was no allegation that the services rendered or money advanced were necessaries, nor were facts set forth from which it could be inferred that they were necessaries. There was an allegation to the effect that the wife was impecunious and unable to pay the attorney, but that alone was not enough. The magistrate was right in holding that the complaint did not state a cause of action against the defendant.

Judgment affirmed.

*J. A. Magoon* for plaintiff.

*Lorrin Andrews* for defendant.