## MARY GOMES *v.* MANUEL GOMES.

### No. 1318.

### MOTION FOR ALLOWANCE OF ATTORNEY'S FEES.

ARGUED FEBRUARY 17, 1921.                    DECIDED MARCH 2. 1921.

### COKE, C. J., KEMP AND EDINGS, JJ.

DIVORCE—*attorney's fee on appeal—allowance by supreme court.*

This court has incident to its appellate jurisdiction in matters of divorce and separation the authority after an appeal has been perfected to require the husband in a proper case to advance to the wife a sum sufficient to put her on an equality with him in the matter of employing counsel to represent her on appeal.

SAME—*same—application of Sec. 2935 R. L. 1915.*

Sec. 2935 R. L. 1915 deals only with the authority of circuit judges at chambers to grant alimony and expenses of trial and is neither a grant of authority to, nor a limitation upon the authority of, this court to allow the wife an attorney's fee after the cause reaches this court on appeal.

SAME—*same—principles governing allowance.*

The principles of the common law govern this court in determining whether or not in a given case the wife is entitled to an allowance to enable her to employ counsel to represent her on appeal.

OPINION OF THE COURT BY KEMP, J.

Mrs. Mary Gomes brought suit against her husband Manuel Gomes for separation from bed and board forever, for custody of their minor children and for alimony, etc. At the conclusion of the hearing the circuit judge filed his decision favorable to the libellant on her claim ·for separation and appointed a master for the purpose of ascertaining and reporting to him the financial standing and condition of the libellee and his ability to pay either alimony in gross or in periodical payments, or partly in gross and partly in periodical payments. After the report· by the commissioner a decree was entered granting the libellant all the relief asked and the libellee has perfected an appeal to this court. After the appeal was perfected the libellant filed a motion in this court for an order directing the libellee to forthwith pay to her attorney a reasonable attorney's fee for services to be performed by him in the matter of the appeal now pending. The motion is resisted, the contention being that this court is without authority in any event to award the libellant attorney's fees and if this is not so she has not shown herself to be in destitute circumstances and therefore not entitled to relief under the statute. We have no statute authorizing in express terms this court, or any court or judge for that matter, to require a husband in divorce or separation proceedings to supply his wife with funds to enable her to employ an attorney to represent her on appeal. The only statute which deals with anything akin to the subject is section 2935 R. L. 1915, which provides:

"Whenever it shall be made to appear to the judge after the filing of any libel, that the wife is under restraint or in destitute circumstances, the judge may pass such orders to secure her personal liberty and reasonable support, pending the libel, as law and justice may require, and may enforce such orders by summary process. The judge may also compel the husband to advance reasonable amounts for the compensation of witnesses and other rea-

sonable expenses of trial to be incurred by the wife. The judge may revise and amend such orders from time to time."

It seems too clear to permit of argument that the above statute deals only with the authority of circuit judges at chambers to grant temporary alimony and expenses of trial and is neither a grant of authority to, nor a limitation upon the authority of, this court to deal with that subject. Our statute (Sec. 2272 R. L. 1915) confers jurisdiction upon circuit judges at chambers to hear and determine all matters of divorce, separation and annulment of marriage, and section 2508 R. L. 1915, with certain exceptions not necessary to notice, allows appeals from all decisions, judgments, orders or decrees of circuit judges at chambers to the supreme court. No other statutory provisions have any bearing upon the question of the jurisdiction of this court in matters of divorce and separation. It is therefore clear that if we have jurisdiction to entertain the motion under consideration it is by virtue of a power or authority incident to our appellate jurisdiction and not by virtue of any statutory provision directly conferring such jurisdiction upon us.

Whether this statute does or does not authorize the circuit judge before whom a libel for divorce or separation is pending to require the husband in a proper case to advance to the wife the amount necessary to enable her to employ suitable counsel to represent her on appeal we need not decide for the question is not before us, but we have no doubt of the inherent power of this court to require him to do so. Counsel is as necessary on appeal as in the earlier stages of the litigation and if the wife can have no allowance to enable her to employ counsel to represent her in resisting the husband's appeal she may be deprived of the right to appear on an equality with her husband. Natural justice and the policy of the law

alike demand that in any litigation between the husband and wife they shall have equal facilities for presenting their case before the tribunal. This requires that they shall have equal command of funds—so that, if she is without means, the husband being usually in possession of the purse strings, he should be compelled to furnish them to her to an extent rendering her his equal in the suit. In Iowa, where the statute provides that "The court may order either party to pay the clerk a sum of money for the separate support and maintenance of the adverse party and the children and to enable such party to prosecute or defend the action," it was held to be a fair presumption that the legislature intended to give the trial court control over the matter only while the litigation was pending before it and that the appellate court has the right to protect its jurisdiction on appeal by ordering the payment of suit money for prosecuting or defending on appeal and that the appellate tribunal is the only one to make such allowance. (*Shors* v. *Shors,* 110 N. W. 16, 18; *Lewis* v. *Lewis,* 116 N. W. 698; *Mengel* v. *Mengel,* 138 N. W. 495, 500.) In *Goldsmith* v. *Goldsmith,* 6 Mich. 285, the wife applied to the supreme court after the case reached there on appeal for temporary alimony and an allowance to enable her to prosecute her appeal. It was contended that the supreme court had no power to make an allowance but is only empowered by statute to review the case upon the proceedings and decree appealed from. In answer to this contention the court said: "The power to allow temporary alimony pending proceedings for a divorce and to compel the husband to furnish the wife with pecuniary means to defend or prosecute the suit on her behalf is incident to divorce cases. It is necessary to the ends of justice. Without this power in the court the wife that should have no separate property of her own would be without the requisite means of

prosecuting or defending the suit and of supporting herself in the meantime.  The statute relative to divorces says: 'The court may, in its discretion, require the husband to pay any sum necessary to enable the wife to carry on or defend the suit during its pendency,' but makes no mention of temporary alimony.  So far as the statute goes, it is only confirmatory of the common law, which had been acted upon by our courts before we had any statutory provisions on the subject."  See also *Hunt* v. *Hunt*, 100 Pac. 541; *Spradling* v. *Spradling*, 158 Pac. 900; *Pleyte* v. *Pleyte*, 15 Colo. 125; *Ex parte Farrell*, 71 So. 462, and 19 C. J. p: 232, Sec. 547.

From what has gone before we conclude that this court has incident to the exercise of its appellate jurisdiction in matters of divorce and separation the authority after an appeal has been perfected to require the husband in a proper case to advance to the wife a sum sufficient to put her on an equality with him in the matter of employing counsel to represent her on appeal.  It only remains to determine whether this is a proper case for ordering such an allowance and if so the amount to be allowed.

From the report of the master appointed by the circuit judge to ascertain the financial condition and standing of the parties and from the affidavits on file before us it appears that the wife is the owner of real estate of the value of $5000 or $6000 on which there are two houses and in one of which she and her children reside; that the other house on said premises is not rented and is in such a dilapidated condition that it probably cannot be rented although the libellee says in his affidavit that it can be rented for $15 per month; that she has no other property of any salable value and no money whatsoever with which to pay her attorney for the services necessary to be rendered by him in opposing the appeal and no

income from any source sufficient to enable her to live and support her children and make such payment. Counsel for appellant contend that under this state of facts the appellee is not a proper subject for the relief asked and cite *Nobrega* v. *Nobrega*, 13 Haw. 654, and *Vivas* v. *Kauhimahu*, 19 Haw. 463, in support of their contention.

In the *Nobrega* case the circuit judge ordered the husband to pay the costs and the sum of $300 to the wife for her attorney's fee and to pay her the sum of $15 per week as temporary alimony until the execution of the deed for the property, which he had been ordered to execute, or until the further order of court. The husband appealed and this court, discussing that portion of the decree or order above referred to, said: "The court was also in error in making the order for the payment of $15.00 per week as temporary alimony. This order can only be sustained on the theory that the libellant was in 'destitute circumstances.' (Section 1938, Civil Laws.) The court found that the libellant owns in fee real estate of the value of $3,500 or $4,000; such a person cannot be said to be in 'destitute circumstances' and unable to support herself pending the litigation in this case." The opinion concludes with the following: "The exceptions are sustained and the decree allowing temporary alimony and dividing the real estate is reversed and the cause remanded to the circuit court with direction to make to libellant such suitable allowance as the court shall deem just and reasonable and for such further proceedings, consistent with the foregoing opinion, as may be necessary." It is to be noted that the decree of divorce and the order requiring the libellee to pay to the libellant $300 for her attorney's fee was not reversed, indicating that the court took the view that the statutory provision requiring the wife to be in destitute circumstances applies to temporary alimony but not to her attorney's fees.

In *Vivas* v. *Kauhimahu, supra,* the plaintiff, an attorney at law, brought suit before a district magistrate against the husband of a woman he had represented in an appeal of a divorce case to recover $100 on a *quantum meruit* for said professional services. A demurrer on the grounds that the complaint did not state a cause of action and showed that the court had no jurisdiction was sustained on both grounds and the plaintiff appealed to the supreme court on the points of law involved in sustaining the demurrer. Held, that the demurrer was properly sustained. In discussing the demurrer the court said: "There is nothing in the complaint which shows that in attending to the appeal the plaintiffs gave credit to the husband or that the wife had not means of her own to pay for their services or that she requested them to represent her on appeal. The court in which the libel is brought has discretionary power to require the husband to furnish means to engage counsel for the wife in defending a libel suit for divorce when 'it shall be made to appear to the judge after the filing of the libel' that the wife is in 'destitute circumstances.' (Sec. 2236 R. L.) A refusal of a judge to compel the husband to advance counsel fees as one of the 'reasonable expenses of trial to be incurred by the wife' would not be reversible on appeal unless it was shown that the refusal was arbitrary, nor would such refusal justify another court in taking jurisdiction of an action by counsel to recover for services rendered unless on the theory that counsel had a right to require the husband's payment for his services, whatever the wife's pecuniary or other circumstances might be."

We do not question the correctness of the ultimate holding in either of the cases discussed but it must be kept in mind that in both cases the court was considering the circumstances under which the circuit judge is empowered to pass such an order, the question being directly

involved in the *Nobrega* case and only incidentally involved in the *Vivas* case. In the *Nobrega* case the court by not reversing the order for the payment of attorney's fees must have concluded that the requirement that the wife be in destitute circumstances applies only to the allowance of temporary alimony and not to the allowance of reasonable expenses of trial for in that case the wife owned real estate valued at $3500 or $4000. In the *Vivas* case the basis of the decision was that the husband is not liable at law for the fee of an attorney for defending his wife in a libel for divorce and the application of the statute authorizing circuit judges to order such payment was not involved in that question. So if it should, be admitted that the statute would govern this court so far as it sets forth the circumstances under which the order will be passed we do not think the language used by the court in the *Vivas* case by way of argument would overcome the effect of the action of the court in the *Nobrega* case where the matter was directly involved. But as we have already said we do not think the statute imposes a limitation upon our power to pass the order. We are therefore compelled to look to the unwritten law for the principles which should guide us in the matter.

Whether counsel fees should be allowed a wife, and if so, what the amount should be, is affected by the wife's necessity, and the burden is on her to show the existence of facts which will justify the court in making such an allowance. If she has sufficient means to enable her properly to prosecute or defend her action counsel fees will not be allowed, but if she is without sufficient means, the court may allow her counsel fees, having regard to the financial ability of the husband in doing so. It has been held that the capital of the wife's separate estate need not be resorted to by her in prosecuting or defending her action against her husband but that it is the income from

the estate that determines her necessity. It has also been held that she ought not to be required to encumber her real estate in order to procure means to pay her attorney. (19 C. J. 235-6 and cases cited.) But we think by the weight of authority the rule is not as broad as here stated. If the wife's capital consists of money on hand or in bank and is sufficient to enable her to support herself and pay her attorney few courts would be found willing to compel her husband to pay such fees for her. Likewise, if she possessed ample real estate outside of her home, although not producing an income at the time, she would not have shown her necessity and the fee would not be allowed. But where, as in this case, the only real estate owned by the wife is her home in the city, from which no income is derived although shown to be of considerable value, we think she is not thereby deprived of the right to have her husband advance her fees necessary to be expended in defense of his appeal. But the husband's financial ability also is of importance on the question of the wife's claim for counsel fees. The husband's ability to respond coupled with the wife's need will ordinarily be sufficient to warrant the passing of the order. In this case it is shown that the only real estate owned by the husband is that which he is ordered to convey to his wife by the decree from which he is prosecuting this appeal. It should therefore not be taken into account. In addition he owns a transfer business in a more or less run down condition, in connection with which he has automobiles and trucks worth $4200, open accounts of the face value of about $5000, one-half of which he says are uncollectable and which the master who investigated his affairs says are reasonably collectable. At the time of the master's investigation, October 1920, he had over $1400 in bank, a liberty bond for $100 and a leasehold reported to be worth $1000 and no incumbrance on any of this property.

By his affidavit filed in this proceeding the above property is now shown to be mortgaged for $2000 and the bank account wiped out. It also appears that libellee is now paying the libellant $20 per week for the support of herself and children without any order of court and also paid her attorney $100 as his fee in the trial below. According to the master's report the $20 per week is only about one-half of the amount necessary for the support of herself and children.

Under all the circumstances brought to our attention we think the libellant has sufficiently shown her necessity and the libellee's ability to respond in some amount but we do not think, in view of his financial condition, he should be required to pay more than $250.

Upon presentation of a proper draft thereof an order will be entered requiring the libellee to pay the libellant the sum of $250 for her counsel fees in this appeal.

*W. B. Lymer* for the motion.

*J. W. Cathcart* contra.