## HELEN S. CHONG *v.* P. Y. CHONG, ALIAS CHONG YICK CHEW.

### No. 2381.

ARGUED JANUARY 16, 1940.          DECIDED MARCH 26, 1940.

COKE, C. J., PETERS AND KEMP, JJ.

*Per Curiam.* By the amended decree of the judge of the division of domestic relations of the circuit court of the first circuit herein, there was granted to the wife (libelant) an absolute divorce for the offense of the husband. From the amended decree the latter perfected an appeal to this court. Pending such appeal, at the request of the parties and with their consent endorsed thereon, this court entered an order requiring the appellant, among other things, to pay to the appellee, pending the final determination of the cause, a certain sum of money monthly for the support of herself and the children of the marriage. No evidence was taken in support of the order and the same was entered upon and pursuant to the consent of the parties.

The appellant now moves this court that any and all amounts of alimony in arrears, to and including a certain date, be canceled and that the order for the payment of

alimony be modified so that the allowance for the wife and children be thereafter reduced, upon the ground that he is and has been financially unable to comply with the requirements of the order for temporary alimony, in short, that there has been a change in the financial circumstances of the respective parties. The appellee demurred to the motion upon the grounds (a) that the order of temporary alimony expressly provides that the monthly installments for the maintenance of the wife and children be paid by the husband "pending the final determination of the cause"; that the cause was still pending and had not been finally determined and hence under its terms the motion could not be modified; and (b) that the order of temporary alimony constituted a contract between the parties to the cause which the movant was powerless to rescind.

Under the provisions of R. L. H. 1935, § 4473, there is conferred upon this court jurisdiction to secure the reasonable support of the wife, pending appeal. The consent of the husband to the entry of the order constituted a waiver by him of the necessity on the part of the wife to show that she was in "destitute circumstances," the statutory condition upon which the right of the wife to temporary alimony depends. Hence, this court was authorized, without taking any evidence for its support, to enter the order to the extent that it provided for the support of the wife, pending appeal.

Similarly, under the provisions of R. L. H. 1935, § 4474, there is reposed in this court jurisdiction, during the pendency of the suit before it, to make such orders concerning the maintenance of minor children of the parties to the suit as law and justice may require. From the allegations of the libel there appears that there are minor children of the parties to the suit.

Neither of the sections referred to, however, expressly authorizes the court or judge to modify orders made for

the reasonable support of the wife or the maintenance of the children *pendente lite*. And the statutes generally are silent upon the subject. But the power to secure the reasonable support of the wife and to provide for the maintenance of minor children of the parties to the suit *pendente lite* necessarily includes the additional power to modify the allowance made by increasing or diminishing the same. The order from its very nature is temporary and not final. It is impossible to determine in advance what the necessities of the litigation may require. The judicial discretion involved is flexible and calculated to meet unforeseen contingencies as they may arise. Hence, it may be said that although the statutes are silent upon the power of the court or judge to modify an order securing the reasonable support of the wife and providing for the maintenance of the minor children of the parties to the suit *pendente lite,* the power and authority reposed in the court or judge to make such orders necessarily includes the additional power to subsequently modify the same accordingly as circumstances may require. Change in the financial circumstances of the respective parties is uniformly considered as a ground of modification. That the order for temporary alimony, pursuant to the mutual consent of the parties to the cause, contained a provision that the same should continue and remain operative until the final determination of the cause, is immaterial. The power of parties to deprive the court of jurisdiction is no greater than their ability to confer the same. This court was without authority to place any limitation upon its power and authority upon proper cause shown to modify any order that it might make for temporary alimony, pending an appeal before it. And to the extent that the order limited the power and authority of this court to modify the order for temporary alimony upon good cause shown, the same was void and of no effect.

We deem it unnecessary to determine in these proceedings whether an agreement between husband and wife, including the terms and provisions contained in the order for temporary alimony, is within the prohibitions of section 4645 as theretofore existing or as amended by Haw. Laws 1939, Act 17. If such an agreement constitutes a contract, its enforcement lies elsewhere and not in this case. Furthermore, due to the state of the pleadings, the power or authority of this court to cancel alimony in arrears will be considered upon the merits.

The demurrer to the motion is overruled.

*W. H. Heen* and *M. K. Ashford* for the motion.

*C. S. Davis* contra.