MARGARET HILL VIVAS *v.* FRANK PAUL VIVAS, JR.

No. 2717.

ARGUED SEPTEMBER 21, 1948.          DECIDED OCTOBER 4, 1948.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY KEMP, C. J.

This cause is here on the appeal of the libelee from an order amending the decree of divorce theretofore made and entered in the circuit court, first judicial circuit.

The decree of divorce, which was amended by the order now the subject of this appeal, was made and entered August 26, 1946, and granted the libelant an absolute

divorce from the libelee and awarded the care, custody and control of Michael James, "minor child of the parties hereto," to the libelant. The order amending the decree was made May 19, 1948, and the amendment ordered the libelee to pay to the libelant, for the support and maintenance of said minor child, Michael James, the sum of $45 per month.

Libelee having perfected his appeal to this court from the above order and filed his opening brief, the appellee has moved this court for an order requiring the appellant to pay her a reasonable sum for the support and maintenance of the minor child of the parties hereto during the pendency of this appeal, and to further pay forthwith to her a reasonable fee for her attorney "for services rendered and to be rendered by him in the matter of this appeal, and the costs incurred in this proceeding."

This motion is based upon "all the records on file herein, upon such oral and documentary evidence as may be produced at the hearing hereof, and upon the affidavit of movant's attorney which is attached hereto and made part hereof." The affidavit sets forth that the movant has incurred but not paid the sum of $10.34 for a copy of the transcript in this case and has not paid her attorney any fees whatever for the services rendered and to be rendered by him in this court.

In response to the motion, the appellant appeared by his attorney and challenged the appellee's right to have from him any of the sums requested.

The statutory provisions having a bearing on our problem are contained in sections 12224, 12225 and 12226 of the 1945 Revised Laws.

Section 12224 provides in part that "Whenever it shall be made to appear to the judge after the filing of any libel, that the wife is under restraint or in destitute circumstances, the judge * * * may compel the husband to advance

reasonable amounts for the compensation of witnesses and other reasonable expenses of trial to be incurred by the wife. The judge may revise and amend such orders from time to time."

Section 12225 authorizes the judge during the pendency of any suit for divorce to make such orders concerning the care, custody, education and maintenance of the minor children of the parties to the suit as law and justice may require, and to amend such orders from time to time.

Section 12226, particularly relied upon by the appellee, was amended in 1941 by adding to the section a new paragraph having special application to motions to amend divorce decrees. Prior to the amendment the section read as follows:

"Permanent alimony; maintenance of children. Upon granting a divorce for the adultery or other offense amounting thereto, of the husband, the judge may make such further decree or order against the defendant, compelling him to provide for the maintenance of the children of the marriage, and to provide such suitable allowance for the wife, for her support, as the judge shall deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case."

The pertinent part of the new paragraph added in 1941 follows:

"Upon the motion of either party supported by an affidavit setting forth in particular a material change in the physical or financial circumstances of either party, * * * said party may, in the discretion of the judge, be granted a hearing, upon adequate notice to the other * * *. The judge, upon such hearing, shall consider all proper circumstances in determining the amount of alimony, if any, which shall, thereafter, be ordered paid to said former wife. All expenses upon proceedings instituted under the

provisions of this paragraph, including attorney's fees for the opposing party, shall be paid by the former husband, except when the motion is made by the former wife and she shall not prevail, in which case she shall pay her own attorney's fee."

In *Hart* v. *Hart,* 23 Haw. 639, this court held that "Although in this Territory there is no express statutory authority therefore, a circuit judge has undoubted authority to alter or modify the decree respecting the award of alimony upon a proper showing." One of the errors complained of in the *Hart* case was the denial by the circuit judge of the wife's motion for an order granting her a reasonable sum for costs, expenses and attorney's fees "incurred and to be incurred on her appeal from or review of the decision or order of the court disallowing her further alimony." (p. 643)

In disposing of the issue raised by said assignment of error this court among other things said:

"We are of the opinion that the provisions of section 2935, R. L. [R. L. H. 1945, § 12224] are broad enough to include the allowance of expenses incurred or to be incurred by the wife in resisting an application for an order revoking an allowance of alimony contained in a decree granting her a divorce. It seems obvious to us that the wife might be as much in need of expense money in her efforts to protect the rights granted her by a final decree of divorce as she would be in need therefor in the proceedings had prior to said decree. * * *

"We think that the circuit judge should have exercised his sound discretion in the matter of the application of plaintiff for expenses and attorney's fees. This he failed to do."

In *Gomes* v. *Gomes,* 25 Haw. 793, it was held that section 2935, Revised Laws 1915 (R. L. H. 1945, § 12224) deals only with the authority of circuit judges at chambers

to grant temporary alimony and expense of trial and is neither a grant of authority to, nor a limitation upon, the authority of the supreme court to deal with that subject. However, in *Otani* v. *Otani*, 30 Haw. 61, this court said: "*Gomes* v. *Gomes*, in so far and only in so far as it decides that the statute in question is not applicable to this court is therefore overruled," and the statute was held to be the source of this court's power to deal with the matter under consideration, which was the motion of a divorced wife to have her former husband pay to her a reasonable amount as and for a fee to the attorneys who represented her on her appeal from an order amending the decree of divorce by striking therefrom the provision awarding alimony and transferring custody of the minor child from the mother to the father.

In *Chong* v. *Chong*, 35 Haw. 382 (1940), it is said that "Under the provisions of R. L. H. 1935, § 4473, [R. L. H. 1945, § 12224] there is conferred upon this court jurisdiction to secure the reasonable support of the wife, pending appeal. The consent of the husband to the entry of the order constituted a waiver by him of the necessity on the part of the wife to show that she was in 'destitute circumstances,' the statutory condition upon which the right of the wife to temporary alimony depends. Hence, this court was authorized, without taking any evidence for its support, to enter the order to the extent that it provided for the support of the wife, pending appeal."

It is also said in *Chong* v. *Chong*, *supra*, that "under the provisions of R. L. H. 1935, § 4474 [R. L. H. 1945, § 12225] there is reposed in this court jurisdiction, during the pendency of the suit before it, to make such orders concerning the maintenance of minor children of the parties to the suit as law and justice may require."

Sections 12224, 12225 and 12226 are in *pari materia*. It is now firmly established by the decisions in the *Otani*

and *Chong* cases, *supra,* that sections 12224 and 12225 apply to this court. That being true, section 12226 also applies to this court as well as to the circuit court.

We think that the 1941 amendment of section 12226 worked a change in the conditions upon which a former husband is obligated to supply his former wife with funds to enable her to pay her expenses, including attorney's fees incurred by her upon proceedings instituted under the provisions of said amendment. Prior to said amendment, regardless of which one was the movant, her right to have him supply her with the funds for such purpose depended upon a showing that she was either under restraint or in destitute circumstances, whereas by the terms of the 1941 amendment, when she is the movant, the former husband is obligated to pay her expenses, including attorney's fees, when and only when she prevails. The former wife prevailed below and the former husband has appealed. It has not yet been determined whether she will ultimately prevail. Under the circumstances we shall withhold a decision on the motion for the allowance of expense money and attorney's fees until a decision on the merits of the appeal.

The prayer for an order requiring the appellant to pay to the movant a reasonable sum for the support and maintenance of the minor child of the parties during the pendency of this appeal presents a problem entirely different from the one presented by the prayer for the allowance of expense money and attorney's fees on the appeal. The statute requires the judge upon the hearing of a motion brought under the amendment of section 12226 to "consider all proper circumstances in determining the amount of alimony, if any, which shall, thereafter, be ordered paid to said former wife."

Money paid for the support and maintenance of a minor child of the parties is not, technically speaking, alimony.

The father and the mother have equal obligations to care for and support their minor children. The circuit judge has ordered the appellant to discharge that obligation by contributing a certain sum monthly for that purpose and the validity of that order is to be tested by the appeal now pending in this court. We assume, as we think we must, that the circumstances, which we would be required to consider upon a hearing, are the same circumstances which the circuit judge was required to consider upon the hearing had before him. The order of the circuit judge has been superseded by the appeal but, if affirmed, it will amply protect the interest of the minor as well as of the movant. Any order that we might make requiring the appellant to contribute to the support of said minor during the pendency of this appeal would, in effect, nullify the statutory supersedeas accorded the appellant by section 9506, Revised Laws of Hawaii 1945. This we think we may not do upon the present state of the record.

The prayer for an order requiring the appellant to pay to the movant a reasonable sum for the support and maintenance of the minor child of the parties during the pendency of this appeal is, therefore, denied.