## WAKA OKAZAKI, A MARRIED WOMAN, BY HER NEXT FRIEND, SUTEJIRO SATO *v.* SEISHIRO OKAZAKI.

### No. 2630.

ARGUED JUNE 7, 1948.          DECIDED JUNE 22, 1948.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY PETERS, J.

This is a suit in equity by a wife against her husband for separate maintenance.

The principal question presented by this appeal is the enforceability, after final decree, of an order of temporary maintenance made *pendente lite*. Both by the order of temporary maintenance and by the final decree the wife was awarded maintenance for herself and the minor children of the marriage. But the final decree, which awarded

permanent maintenance, was silent upon the rights and liabilities of the respective parties in respect to temporary maintenance accrued prior to final decree and in arrears at the time of its entry.

The question arose in the following manner: Subsequent to final decree, contempt proceedings were instituted in the original cause by the wife against the husband for his failure to comply with the order of temporary maintenance. To the show cause the respondent interposed the defense that the final decree being silent upon the subject of temporary maintenance in arrears upon its entry, the order of temporary maintenance upon entry of final decree ceased to have any legal force or effect, thereby absolving him from making any further payments on account thereof. The amount of temporary maintenance claimed to be in arrears was not disputed. The judge presiding at the hearing on the show cause held that the order of temporary maintenance remained in full force and effect after final decree as to any portion thereof in arrears at the time of the entry of final decree, found the amount of temporary maintenance due and in arrears and adjudged the respondent guilty of contempt. Upon the intimation by the court, however, that the respondent might purge himself of contempt by undertaking to liquidate the amount in arrears, respondent offered to do so by monthly payments of about $50. This offer was accepted by the court and the show cause was discharged upon condition that the respondent liquidate the temporary maintenance found to be in arrears by the payment of $50 a month, the first payment to be on the first day of the succeeding month and the balance upon the first of each and every month thereafter until the full amount was paid. No appeal was taken from this order and the same remained undisturbed except as hereinafter stated. The respondent made the first payment required of him

under the order but, before any further payments were due, moved to vacate and set aside the order upon the same grounds theretofore urged by him in opposition to the show cause. This motion was granted by the court and his ruling in that regard is specified as error.

Out of the motion to vacate there also arose a further and additional alleged error. After the disposition of the motion to vacate, the wife, as respondent thereto, moved for the allowance to her of counsel fees for the professional services rendered by her attorney upon the hearing of the motion to vacate, alleging that she was in necessitous circumstances and unable to pay for his services. This motion was denied on the authority of *Otani* v. *Otani*, 30 Haw. 61, the motion for the allowance of counsel fees having succeeded the performance of the professional services for which allowance was prayed.

The jurisdiction exercisable by courts of equity in suits by the wife against the husband for separate maintenance includes the power and authority to enter interlocutory orders and final decrees similarly as in other cases of recognized equitable cognizance and, for good cause shown, to modify awards of temporary or permanent maintenance. Moreover, the general rules of construction applicable to orders and decrees, both interlocutory and final, obtain.

The power and authority of the chancellor to award temporary maintenance to the wife in a suit by her against her husband for separate maintenance are recognized in this jurisdiction in the case of *Dole* v. *Gear*, 14 Haw. 554, at page 565. It is also generally conceded that in suits in equity for separate maintenance interlocutory and final awards of maintenance are subject to modification by the courts for good cause shown. Hence, the solution of our problem depends upon rules of procedure applicable to the contents of a final decree and the power and authority of

the court to amend orders and decrees of maintenance, both temporary and permanent.

A final decree in equity should be "* * * as complete a decision, upon all the points embraced in the cause, as the nature of the case will admit * * *,"[1] and ordinarily "All prior orders were merged into the final decree and any inconsistent orders or provisions thereof were superseded by it."[2]

The sole issue presented by the pleadings was the right of the wife to permanent separate maintenance. Temporary maintenance is merely a subsidiary or collateral matter not disposing of the merits but substituting *pendente lite* the protective arm of the court for the statutory duty of the husband to support his wife, in this case the statutory duties to support the wife and minor children of the marriage. The order of temporary maintenance was "* * * independent of the main case in that the final decree in the main case cannot affect it and that it in no way depends on the ultimate result or the merits of the main case. It is a money decree enforceable immediately by execution or other process * * *."[3] These considerations are not only material to the question of appealability of an order of temporary maintenance decided in the affirmative in the *Dole* v. *Gear* case, but also to the question of retention by the court of jurisdiction over an order of temporary maintenance and the enforcement of its provisions after final decree. The order of separate maintenance is not an interlocutory decree as that term is understood. It is not one "when the consideration of the particular question to be determined, or the further consideration of the cause generally, is reserved till a future

---

[1] 2 Daniell's Chancery, P. & P. 6th Am. ed., star paging 990.

[2] Sourino v. United States, 86 F. (2d) 309.

[3] Dole v. Gear, 14 Haw. 554, 566.

hearing."[4]   On the contrary, it is merely an order " '* * * made during the progress of a cause . . . settling some point of practice or some question collateral to the main issue presented by the pleadings,' if made before judgment, or settling some question 'necessary to be determined in carrying into execution the final judgment,' if made after judgment."[5]

Obviously, the order of temporary maintenance in this case was intended to be operative only until final decree. It is equally obvious that had its provisions been complied with and fully performed up to the time of final decree it would have ceased to have any further force or effect upon final decree were it either for or against the wife. But here we are dealing with an allowance for temporary maintenance which has not been complied with and fully performed, and the question arises whether to the extent of allowances accrued thereunder and in arrears and unpaid at the time of entry of the final decree the continued existence of the order of temporary maintenance is so inconsistent with the provisions of the final decree that after entry of the latter both could not coexist and the temporary order must yield to the terms of the final decree.   The question supplies its own answer.   No inconsistency appears between the continuance of the obligation of the husband to pay temporary maintenance in arrears and the obligation to pay permanent maintenance for the same purposes.   The silence of the final decree upon the subject of temporary maintenance in arrears is as eloquent in the preservation of the rights accrued to the wife under the order of temporary maintenance as their abolishment. Reasonably construed, the final decree recognized the preservation of those rights and left them undisturbed.

---

[4] 2 Daniell's Chancery, P. & P. 6th Am. ed., star paging 986.

[5] Guaranty Trust etc. Bk. v. Los Angeles, 186 Cal. 110, 199 Pac. 35.

Where, as here, the terms of the final decree were not inconsistent with the provisions of an order made *pendente lite* and rights have accrued thereunder, silence of the final decree upon the subject matter of the order does not by implication render such rights unenforceable.[6]

Moreover, the power and authority of the chancellor in suits of separate maintenance to modify, in his discretion, orders and decrees allowing temporary or permanent maintenance are sufficient to sustain his jurisdiction of the subject matter of temporary maintenance in arrears. The condition upon which the show cause was discharged was, in effect, a new order. It might be considered not only amendatory of the order of temporary maintenance but also amendatory of the final decree. The manner in which the alleged error was preserved in the trial court limits the consideration of the motion to vacate to one simply of jurisdiction of the court upon the grounds stated to enforce its order of temporary maintenance.[7] No question of the method of enforcement, that is by way of civil contempt proceedings or otherwise, is before us for review. The only question is one of jurisdiction and upon that question there can be no doubt.

No objection has been raised as to the power and authority of the circuit judge at chambers in suits in equity for separate maintenance to allow reasonable attorney's fees to a wife in necessitous or destitute circumstances for professional services rendered or to be rendered in the cause by an attorney on her behalf. The only question presented here is whether, as held in the *Otani* case, the application for an allowance should be made prior instead

---

[6] Millar v. Millar, 175 Cal. 797, 167 Pac. 394, 399; Greer v. Greer, 110 Colo. 92, 130 P. (2d) 1050; In re Robbins, 212 Cal. 534; Rothermel v. Rothermel, 166 Ill. App. 577.

[7] United States v. Van Blargen et al., 60 F. (2d) 874; Di Meo v. Hines et al., 229 Ill. App. 486.

of subsequently to the rendition of the professional services involved. In our opinion, the decision in the *Otani* case is inapplicable. It depends for its conclusion upon the construction of the statute applicable to divorces. The power and authority of circuit judges in suits in equity for separate maintenance to allow counsel fees under the circumstances are not statutory but are inherent in the court and exercisable consistently with the usages and practices in equity. No case has been called to our attention, and we have been unable to find any, indicating that the application for an allowance for counsel fees must precede the performance of the professional services for which allowance is asked. The rule allowing counsel fees is a general one and no qualifications as to the time of application is attached thereto. Nor do we see any reason for the application of such a qualification. It is conceivable that under certain circumstances the application logically should precede the performance of the service. But where, as here, the professional services rendered were in defense of rights accrued to the wife, upon proceedings initiated by the husband, no good reason appears why the application for the allowance of counsel fees should precede the performance of the professional services involved. It is usual and customary in cases in equity, where counsel fees are allowable, to make the application after the conclusion of the case. And it is logical to do so. At that time the court is in a position to determine the reasonable value of the services rendered and make the allowance accordingly. Consistently with the decision in the *Otani* case, applications for allowance of counsel fees in divorce cases are now uniformly but illogically made prior to the performance of the services for which allowance is prayed and the applications therefor uniformly and logically acted upon by the court only after the services have been performed.

The decree appealed from is reversed and the cause

remanded for further proceedings consistently herewith.

*C. Y. Shimamura* for petitioner-appellant.

*J. M. Morita* for respondent-appellee.