WILLIAM FREDERICK KIENITZ *v.* PEGGY ROGERS SAGER, ALSO KNOWN AS PEGGY ROGERS KIENITZ.

No. 2808.

Argued July 6, 1950.          Decided August 30, 1950.

Kemp, C. J., Le Baron, J., and Circuit Judge Wirtz in place of Towse, J., Disqualified.

OPINION OF THE COURT BY KEMP, C. J.

The above-entitled cause is a bill in equity instituted by the above-named petitioner to declare his purported marriage to the above-named respondent a nullity and for other relief not pertinent to the present inquiry. After a decree granting the relief sought by the petitioner, the respondent appealed to this court and has moved that we make and enter an order requiring the petitioner to pay her a sum of money sufficient to pay the costs of her appeal,

648

including the cost of the transcript of proceedings had and evidence adduced in the trial court, the cost of preparing the record on appeal, and an additional $10,000 as attorney's fees to be paid her attorney for legal services in preparing and prosecuting her appeal.

The motion is resisted on the sole ground that it appears from the pleadings in the case that the purported marriage between the petitioner and the respondent was void *ab initio* for the reason that her purported decree of divorce from her former husband was and is a nullity.

In order to apply the law to the facts it is necessary that we set forth the substance of the pertinent portions of the pleadings. We glean from the petitioner's bill the following as the substance of its pertinent allegations:

That the petitioner and the respondent were purportedly married on the fourth day of November 1938; that shortly before and at the time of said purported marriage, the respondent falsely represented to the petitioner that she was a divorced woman; that she was then and still is married to Adolphus Sager; that the petitioner, in reliance upon said false representation, was fraudulently induced to enter into said purported marriage; that on September 16, 1938, the respondent filed in the circuit court, first circuit, Territory of Hawaii, a libel for divorce from her husband, Adolphus Sager, in which she falsely alleged that for two years continuously prior to the filing thereof she had been a resident of and domiciled in the Territory of Hawaii, whereas, in fact she was a resident of and domiciled in the State of California until after the beginning of 1938; that on November 1, 1938, the respondent obtained what purported to be an absolute decree of divorce from said Adolphus Sager; that in obtaining said decree the respondent practiced a fraud upon the court by falsely representing that she had been a resident of and

domiciled in the Territory of Hawaii for two years continuously prior to the filing of said libel for divorce; that by reason of the fact that the respondent had not been a resident of or domiciled in the Territory of Hawaii for two years prior to the filing of said libel, said court was without jurisdiction to entertain said libel and to enter said decree and that said purported decree of divorce is invalid, void and a nullity; that by reason of the nullity of said decree of divorce the purported marriage of the petitioner and the respondent was void and a nullity; that it was not until May 1949 that the petitioner discovered that the purported marriage was a nullity; that his discovery of that fact arose out of the preparation of his defense of the respondent's suit for divorce against him, filed March 4, 1949; that in said divorce proceeding preliminary orders have been entered requiring the petitioner to pay the respondent $100 per week; that by reason of the facts herein stated said court has no jurisdiction to entertain said divorce action.

The substance of the prayer is that the marriage of the petitioner and the respondent be declared a nullity; that the respondent be restrained from prosecuting the aforesaid divorce action and be further permanently restrained from attempting to enforce any orders entered in said divorce action requiring petitioner to pay her or her attorney any money; that pending the hearing in this cause a temporary restraining order issue restraining the respondent from prosecuting the aforesaid divorce action and from attempting to enforce any orders entered in said divorce action requiring the petitioner to pay the respondent or her attorney any money whether for alimony, support and maintenance or otherwise.

The temporary restraining order issued as prayed.

To the petition the respondent filed an answer and

cross-petition, the substance of the material allegations of the answer being, briefly, that the respondent and the petitioner were married in Honolulu on the fourth day of November, 1938; that at the time she entered into said marriage she was under the honest belief that she had secured a valid divorce from her former husband, Adolphus Sager; that she was advised by one Edward O'Connor, a member of the bar of this court, that she had proper grounds and was in a position to prosecute her libel for divorce and that upon that basis the divorce proceeding was caused to be instituted by her; that the petitioner was in as much command of the facts pertaining to the jurisdiction of the divorce courts to hear the proceedings between the respondent and Adolphus Sager as was the respondent, for the reason that the petitioner had been keeping company with the respondent for a considerable length of time prior to the institution of the proceeding; that the petitioner paid the attorney's fees in that proceeding, partly prior to the entry of the decree and partly subsequent thereto; that the petitioner well knew, at the time of that divorce and the entry of the decree in that proceeding, that the respondent was married to one Adolphus Sager and also that the respondent had come to the Territory of Hawaii a few months prior thereto; that consequently the petitioner did aid and abet the respondent in her pursuit to secure the divorce from Adolphus Sager.

The respondent admits that she was married to the said Adolphus Sager on January 8, 1936; that on November 4, 1938 she was still the legal wife of Adolphus Sager but that she was, at that time and until the last few days, under the honest impression that as of November 4, 1938 she had in fact received a valid decree of divorce; that on September 16, 1938 she filed a libel for divorce from her

then husband; that the information set forth in said libel, bearing on the two years continuous residence in the Hawaiian Islands, was untrue but that this matter was not sufficiently brought to her attention by her then attorney. She admits receipt and entry of the purported decree of absolute divorce from Adolphus Sager on November 1, 1938 but alleges that she did not intentionally practice or perpetrate a fraud upon the court in that proceeding.

The respondent alleges that she first became a resident of Hawaii sometime in 1937; that on September 16, 1938 when she filed her libel for divorce she was not a resident or a domiciliary of the Territory of Hawaii as required by law; that, therefore, the court was without jurisdiction to enter the decree; that the decree entered was and is invalid; that on November 4, 1938 she was incapable of contracting marriage with the petitioner; that the purported marriage of the petitioner and the respondent was and is now void but that the petitioner had full knowledge of all of the facts to the same extent as did the respondent; that the respondent did not purposely mislead the court. The respondent alleges that she did not make any representations which were consciously false but that as to any and all representations that she did make bearing upon the jurisdiction in the Sager divorce, the petitioner had full knowledge and that in fact it was the petitioner who in a large measure brought about the divorce between the respondent and Sager.

The respondent admits the filing of the pending divorce action against the petitioner and that there has been no final disposition thereof; that in that proceeding the preliminary order requiring the petitioner to pay to her the sum of $1.00 a week has been entered. The respondent alleges that at the time the respondent instituted the pending divorce proceeding she firmly believed that she was

the petitioner's wife; that her former divorce decree in the Sager proceeding was legal; that the court had jurisdiction to entertain the pending suit; that her representations made in the libel in the pending suit were predicated upon the belief and the assumption that the Sager decree was validly obtained.

At the outset we emphasize that our disposition of the question of law, raised by the motion under consideration, should not be considered as having any bearing on the question of the alleged rights of the parties in properties acquired by them while living together as husband and wife.

The argument of the respondent is, in substance, that the litigation instituted by the petitioner is a matrimonial action of an equitable nature and that, therefore, her right to the relief sought is the same as though the principal case were in divorce instead of in equity, seeking a declaration of nullity of a purported marriage and of property rights growing out of the purported marriage. Counsel for the respondent has invited our attention to the following cases in this court: *Dole v. Gear,* 14 Haw. 554, *Gomes v. Gomes,* 25 Haw. 793, *Okazaki v. Okazaki,* 38 Haw. 148, and *Ah Leong v. Ah Leong,* 28 Haw. 581 and 29 Haw. 770.

The argument of the petitioner is, in substance, that the respondent's admission that her purported divorce and marriage, referred to in the pleadings, were void *ab initio,* robbed the litigation of its matrimonial character; that the obligation of a husband to supply his necessitous wife with the funds necessary to put her on an equal footing with him in matrimonial litigation grows out of the legal obligation of a husband to support his wife; that the respondent having admitted that she never was the legal wife of the petitioner, the authorities relied upon by her

do not support her claim.

In support of his thesis the petitioner cites the following from the discussion of the subject in American Jurisprudence:

"In Equity Suits.—In the ·absence of statutory authorization, an attorney's fee will not ordinarily be allowed in an equitable action. Unless there is some agreement or stipulation between the parties imposing an obligation for the payment of such fees, the fact that the 'costs' specified in a statute may be allowed to either party in the discretion of the court does not authorize it to award an attorney's fee in addition to the costs, where an allowance of such fee is not expressly authorized by statute. * * * It is to be noted, however, that a court of equity may properly make an allowance of reasonable attorneys' fees out of a common fund or common property created or preserved for the benefit of all the common owners through the efforts of one of such owners. Statutes may, of course, give the court power to allow counsel fees as a part of the costs in equitable proceedings." 14 Am. Jur., Costs § 70, p. 45.

"In some jurisdictions, statutes provide that in case either party enters into a contract of marriage in good faith supposing the other party to be capable of contracting, and the marriage is a nullity, such fact shall be entered in the decree, and the court may allow such innocent party compensation as in cases of divorce. In other jurisdictions, statutes expressly provide for the allowance of alimony, counsel fees, and suit costs to the innocent wife. Some statutes are construed to such effect. In the absence of any applicable statute, such allowance cannot generally be awarded to a woman where judgment is pronounced annulling her marriage; since the sole basis for the allowance of alimony is the duty of maintenance imposed upon

the husband by virtue of the marital relation, it is obvious that if a valid marriage never existed, the alleged husband owes no such duty and consequently cannot be required to pay alimony." 35 Am. Jur., Marriage § 71, pp. 227-228, and cases cited.

"The authorities generally hold, even in the absence of express statutory authorization, that a wife is entitled to alimony, counsel fees, and suit money, pendente lite, in a suit instituted by her husband for annulment of their marriage on grounds the existence of which she denies under oath, but such allowance will be denied her where it is clear at the time of her application, from the pleadings in the case, her admissions, or otherwise, that there never was any marriage between them or that any marriage between them was void ab initio, as where she had another spouse living at the time the marriage was contracted between them, although the presumption of the death of a prior husband will be indulged to sustain a second marriage. The reason for this general rule is that a wife's marriage is presumed to be legal until the contrary is shown, and there is no sound reason in law or in morals why she should not have the same right of assistance from her husband in defending against his charge that she would have if he were asking for a divorce. His admission of a marriage relation de factor and her denial of its invalidity are sufficient to sustain the application, and the court will not go into the merits of the action at this stage." 35 Am. Jur., Marriage § 70, pp. 226-227, and cases cited.

The *Ah Leong* case was a suit in equity for separate maintenance, or, in the alternative, should the court determine that the petitioner was not the lawfully wedded wife of the respondent, to declare the respondent the trustee for the petitioner in the amount of a fair share of the fortune, assets and accumulations held by the respond-

ent representing their joint endeavors. The opinion of this court reported in 28 Haw. 581, merely answered reserved questions raised by a demurrer, the gist of the answers being that the demurrer should be overruled. The opinion reported in 29 Haw. 770, went to the merits. Neither opinion touched upon the question before us in the instant motion. The judgment of this court on the merits was reversed in 27 F. (2d) 582, and *certiorari* denied in 278 U. S. 636.

The litigation considered in *Dole* v. *Gear, supra,* arose as follows: Eleanor G. Dole, by her next friend, having brought a bill in equity against her husband, Edmund P. Dole, for separate maintenance, procured the circuit judge, George D. Gear, to enter an order requiring her husband to pay certain sums for costs of court, counsel fees and temporary maintenance. The husband appealed and did not make the prescribed payments. Proceedings for contempt were begun to compel payment, whereupon, the husband sued out a writ of prohibition to restrain the circuit judge and petitioner from proceeding further in the equity suit on the ground that equity is without jurisdiction of such a case. The jurisdiction of equity to entertain the cause and enter the order was upheld. It was further held, however, that prohibition lies to prevent its enforcement by contempt proceedings pending the appeal.

In *Gomes* v. *Gomes, supra,* after an appeal to this court from a decree of the circuit judge at chambers in divorce granting the wife a separation from bed and board forever, custody of their minor children, and alimony, the husband appealed to this court, whereupon, the wife filed a motion in this court praying for an order directing the husband to forthwith pay to her attorney a reasonable attorney's fee for services to be performed by him in the

matter of the pending appeal. The motion was resisted, the contention being that this court is without authority in any event to award the libellant attorney's fees. Relying upon our inherent power instead of upon the divorce statute, we held to the contrary and ordered the husband to pay his wife's attorney a fee of $250. Our reliance upon the inherent power of the court to order the payment was condemned in *Otani* v. *Otani,* 30 Haw. 61 at 65, and was expressly overruled as to that holding.

*Okazaki* v. *Okazaki, supra,* was a suit in equity by the wife against her husband for separate maintenance. An order of temporary maintenance for the wife and the minor children of the marriage, *pendente lite,* was made and by the final decree a like order was made without mentioning the fact that the husband had not fully complied with the order of temporary maintenance. After entry of the final decree contempt proceedings were instituted in the original cause by the wife against the husband for his failure to comply with the order of temporary maintenance. The judge, presiding at the hearing on the order to show cause, overruled the contention that the order of temporary maintenance ceased to have any legal effect after final decree and adjudged the husband guilty of contempt. However, the husband was given the opportunity to purge himself of the contempt by paying the arrears in monthly installments. No appeal was taken from the order. The husband made one monthly payment and, before any further payment became due, moved to vacate the order on the same grounds theretofore urged. This motion was granted and the ruling in that regard was the principal question presented on the wife's appeal. However, after the disposition of the motion to vacate, the wife's motion for allowance of counsel fees was denied on the authority of *Otani* v. *Otani, supra,* the motion therefore having been

made after the performance of the services for which allowance was prayed. The denial of this motion was also alleged as error. The order vacating the contempt conviction and the order denying the motion for the allowance of counsel fees were both condemned in the opinion of this court, reversing the decree appealed from.

The authorities relied upon by the respondent do not answer the contention of the petitioner, supported by the authority cited by him, that such allowance will be denied where it is clear at the time of the wife's application, from the pleadings in the case, that the marriage between the parties was void *ab initio* for the reason that she had another spouse living at the time the marriage was contracted.

We conclude, therefore, that the motion of the respondent must be and is denied.

*R. G. Hogan* (also on the brief) for the motion.

*D. G. Ridley* and *J. A. Leavey* contra.